CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS FOLD AT DOTTED LINE

INSUFFICIENT
ADDRESS

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
100 EAST FIFTH STREET, ROOM #324
CINCINNATI, OHIO 45202

OFFICIAL BUSINESS

SENDERS: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jean Walker
4414 Richfield Rd.
Richmond, VA.
23225-7542

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent
☐ Addressee

B. Received by ( Printed Name )

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7001 2510 0008 6348 7509

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

FILED
JAMES GONINI
CLERK

04 MAR 29 PM 12: 58

John R Walker
1416 Armfield Road
Richmond, VA 23225-7542

1.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

John R. Walker,
    Petitioner


vs

                              Case No. 1:01cv848
                              (Weber, J.)

Jeffrey Wolfe
    Respondent

---

## ORDER

---

      This habeas corpus action brought pro se pursuant to 28 U.S.C. § 2254 is before the Court on petitioner's unopposed motion filed October 23, 2003 to reinstate the case upon the court's active docket (Doc. 26), and petitioner's motion for appointment of counsel (Doc. 27).

      On December 6, 2001, petitioner filed a petition for writ of habeas corpus with this Court. (Doc. 1). On March 6, 2003, in addressing respondent's motion to dismiss (*see* Doc. 8), this Court administratively stayed the proceedings and terminated the case on the Court's active docket so that petitioner could exhaust possibly available state court remedies of a delayed appeal, or other avenues for bringing claims challenging the constitutionality of Ohio's post-release control statute, with respect to the claim alleged in Ground Three found to be not time-barred. (*See* Docs. 15, 23, 24). The stay was conditioned on petitioner's pursuing his state remedies within thirty days of the Order's March 6, 2003 filing date and on petitioner's filing a motion to reinstate the case on the Court's active docket within thirty days after exhausting his state remedies. (Doc. 24, p. 2).

In his motion to reinstate the petition, petitioner states that pursuant to the March 6, 2003 Order, he "fax filed" a motion for leave to file a delayed appeal to the Ohio Court of Appeals on April 4, 2003, which was entered as "filed" on the court's docket on April 8, 2003. (Doc. 26, p. 6). He further indicates that the delayed appeal matter concluded in the state courts on September 24, 2003, when the Ohio Supreme Court declined jurisdiction to hear petitioner's appeal from the Court of Appeals' denial of his motion. (*Id.*). Petitioner did not submit any evidence to support these statements, although he cited the state courts' decisions as "exhibits" attached to his reinstatement motion. Nevertheless, because respondent has not disputed the factual accuracy of petitioner's statements, the Court assumes that, as petitioner contends, he "faxed" his motion for leave to file a delayed appeal to the Ohio Court of Appeals on April 4, 2003 and the Ohio Supreme Court issued its final ruling on the delayed appeal matter on September 24, 2003.

In this federal habeas corpus proceeding, for purposes of determining whether petitioner complied with the conditions of the March 6, 2003 Order, the Court concludes that the filing date of petitioner's state delayed appeal motion was the date on which he "faxed" his motion for delayed appeal to the Ohio Court of Appeals for filing–April 4, 2003. *Cf. Houston v. Lack,* 487 U.S. 266 (1988); *Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); see also *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Based on that determination, the Court further concludes that petitioner began pursuing his state remedies within the requisite thirty-day period under the first condition of the stay order. Moreover, petitioner satisfied the second condition of the stay order by filing the instant motion to reinstate the case within thirty days after the Ohio Supreme Court dismissed his state appeal. Accordingly, based on the present record, the Court finds that petitioner has timely complied with both conditions of the March 6, 2003 Order and, therefore, should be granted leave to reinstate this action on the Court's active docket.

## IT IS THEREFORE ORDERED THAT:

1. Petitioner's motion to reinstate the case on the Court's active docket (Doc. 26) is GRANTED. The Clerk of the Court is hereby directed to reinstate this case on the Court's active docket. It is further ORDERED that respondent shall file within

sixty (60) days of the date of filing of this Order a return of writ in accordance with this Court's original show cause order filed December 11, 2001 (*see* Doc. 4), including an additional statement of position as to whether or not arguments raised by him in his motion to dismiss (*see* Doc. 8), which were not ruled on by the Court in its prior decisions (*see* Docs. 15, 23, 24), have been rendered moot, are withdrawn or remain pending before the Court for ruling.

2. Petitioner's motion for appointment of counsel (Doc. 27) is DENIED for the reasons given in the Order issued August 13, 2002 denying petitioner's previous motion requesting appointment of counsel in this case (*see* Docs. 2, 14).

Date: 3/19/04

cbc

Herman J. Weber, Senior Judge
United States District Court

J:\BRYANCC\2004 habeas orders\01-848reopen.exhstay-case.wpd

3