UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN R. WALKER,

        Petitioner,        Case No. 01-CV-848

   v.                                Judge Weber

JEFFREY WOLFE,            Magistrate Judge Black

        Respondent.

### RESPONDENT'S MOTION TO DISMISS

On March 29, 2004, this Court issued an Order in which the Court reinstated the case and directed Respondent to address arguments raised in Respondent's prior motion to dismiss (based on the statute of limitations). Pursuant to Civ. R. 7.2 of the Local Rules of the United States District Court for the Southern District of Ohio, Respondent hereby moves the Court to dismiss the above-captioned case because the claims presented by Petitioner (hereinafter "Walker") are barred by the one-year statute of limitations contained in 28 U.S.C. §2244(d). The attached Memorandum supports this Motion.

                                      Respectfully submitted,

                                      JIM PETRO (0022096)
                                      Attorney General of Ohio

                                      <u>S/Diane Mallory</u>
                                      DIANE MALLORY (0014867)
                                      Assistant Attorney General
                                      Corrections Litigation Section
                                      150 East Gay Street – 16th Floor
                                      Columbus, Ohio 43215
                                      (614) 644-7233

**MEMORANDUM IN SUPPORT**

I.  **Factual Background**

On December 1, 1999, Walker entered a guilty plea to felonious assault. (Exhibit 1 is the guilty plea form which he signed.) He was ordered to serve a sentence of three years of incarceration. (Exhibit 2)

Walker did not timely appeal his conviction.

On May 8, Walker filed a motion for judicial release. (Exhibit 3) The motion was denied on May 10, 2001. (Exhibit 4)

On May 24, 2001, Walker filed a motion for delayed appeal to the First District Court of Appeals under Case No. C-0100344. (Exhibit 5) The State's memorandum in opposition is Exhibit 6. On June 29, 2001, the Court of Appeals overruled Walker's motion for delayed appeal finding that Walker failed to provide sufficient reasons for the delay. (Exhibit 7) On August 9, 2001, Walker filed a notice of appeal and a memorandum in support of jurisdiction in the Ohio Supreme Court. (Exhibit 8) On October 24, 2001, the court dismissed the appeal. (Exhibit 9, Case No. 01-1435) Walker filed a petition for *certiorari* review in the United States Supreme Court. His petition was denied on February 19, 2002. (Exhibit 10)

On September 10, 2001, while his delayed direct appeal was pending, Walker filed a Petition for Writ of Mandamus and/or Procedendo in the Ohio Supreme Court. (Exhibit 11) The petition did not attack his conviction directly, but rather sought to compel actions from various county officials. Walker alleged that if he was granted relief, it would afford him the opportunity

2

to consolidate the evidence into his Ohio Supreme Court Case No. 01-1435. On November 7, 2001, Walker's complaint for writs of mandamus and procedendo was dismissed. (Exhibit 12, Case No. 01-1636)

On April 8, 2003, Walker filed a second motion for delayed appeal. (Exhibit 13) The State filed a memorandum in opposition. (Exhibit 14) Walker filed a reply and a motion to strike in response. (Exhibits 15 and 16) On May 9, 2003, the Court of Appeals overruled Walker's motion for leave to appeal. (Exhibit 17, Case No. C 030278) Walker appealed to the Ohio Supreme Court. (Exhibit 18) The court dismissed his appeal on September 24, 2003. (Exhibit 19)

On December 6, 2001, Walker filed the instant habeas petition in this Court. On April 3, 2002, Respondent filed a motion to dismiss the petition as time-barred. The petition was subsequently stayed pending exhaustion of state remedies as to the Third Ground for Relief. On March 19, 2004, the Court reinstated the case and ordered Respondent to address the arguments raised in the prior motion to dismiss.

## II. Applicable Law

A federal habeas petition attacking a conviction in the state courts must be filed within one year after the conviction becomes final pursuant to 28 U.S.C. §2244, which provides, in relevant part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Walker was convicted on December 1, 1999. He had 30 days, or until December 31, 1999, in which to appeal his conviction, but did not do so. Rule 4(A), Ohio Rules of Appellate Procedure. The statute of limitations began running on January 1, 2000, and it expired one year later absent any tolling. Walker did not file any action which tolled the limitation period during the relevant one-year period,[1] therefore, the statute of limitations expired on January 1, 2001.[2]

Walker filed several state actions after the limitation period had already expired, but those actions had no effect on statute of limitations. The tolling provision of §2244(d)(2) does not revive the limitations period, it can only serve to pause a clock that has not yet expired. Rachid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998); Smith v. McGinnis, 208 F.3d 13,16-17 (2nd Cir.

---

[1] Walker's motion for delayed appeal was filed after the limitation period expired. A motion for a delayed appeal may toll the limitation period (if filed before the limitation period expires), but it does not start the statute of limitations running anew. Searcy v. Carter, 246 F.3d 515 (6th Cir.), cert. denied, 534 U.S. 905 (2001).

[2] Since the federal courts were closed on January 1, 2001, due to the holiday, Walker had until January 2, 2001, in which to file a timely habeas petition.

4

2000). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. Webster v. Moore, 199 F.3d 1256 (11th Cir. 2000), *cert. denied*, 531 U.S. 991 (2000).

In Walker's Third Ground for Relief, he claims that Ohio's post release control statute, R.C. §2967.28, is unconstitutional. Magistrate Judge Sherman previously found that Walker did not discover the factual predicate of this claim until October 4, 2001, when he has advised that he would be placed on post release control. (R. 15, Report and Recommendation) When Magistrate Judge Sherman issued the Report and Recommendation, he did not have the benefit of Walker's guilty plea form, which was signed by Walker on December 1, 1999, and which advised him (Walker) that he was subject to post release control. (Exhibit 1) Respondent would further point out that Walker challenged the constitutionality of post release control in his memorandum in support of jurisdiction filed in the Ohio Supreme Court on August 9, 2001. (See Exhibit 8, page 15, on which he argued that he was denied his right to "be free from violations of fundamental rights to procedural due process and doctrine of separation of power – Ohio Revised Code 2967.28[3] et seq. – which 'offends the very notion of the Bill of Rights.'") Obviously, Walker discovered the factual predicate of this claim long before October 4, 2001. He discovered it at least by December 1, 1999, the date he pleaded guilty and signed the guilty plea form advising him that he was subject to post release control.

---

[3] R.C. 2967.28 is Ohio's post release control statute.

Therefore, this claim, as well as his other claims, is barred by the statute of limitations.

## CONCLUSION

The instant habeas petition should be dismissed because the claims are barred by the statute of limitations.

                    Respectfully submitted,

                    Jim Petro
                    Ohio Attorney General

                    S/Diane Mallory
                    Diane Mallory (0014867)
                    Assistant Attorney General
                    Corrections Litigation Section
                    150 East Gay Street, 16th Floor
                    Columbus, Ohio 43215
                    (614) 644-7233

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed by regular, first-class mail to John R. Walker, 1416 Armfield Road, Richmond, Virginia 23225-7542, on the 19th day of May, 2004.

                    S/Diane Mallory