

FILED
JAMES BONINI
CLERK

2004 JUN -1 PM 4: 23

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JOHN R. WALKER, | Case No.: 01-CV-848 |
| Petitioner, | Senior District Judge |
| Weber | |
| v. | Magistrate Judge Black |
| JEFFREY A. WOLFE, Warden, | |
| Respondent. | |

## PETITIONER JOHN R. WALKER'S MOTION TO STRIKE DOCUMENT SECTION FROM RESPONDENT'S MOTION TO DISMISS

Petitioner respectfully requests that this honorable Court strike the following section from Respondent's motion to dismiss pursuant to Federal Rules of Civil Procedure, FRCVP Rule 12(f), 28 USCA because the lack of attention shown in the disingenuous and fallacious statements and arguments dishonors the Ohio Attorney General's Office, and it is a frivolous and vexatious waste of judicial time, energy, resources, and the goodwill of this honorable Court. Petitioner will show good cause by reference to pages, paragraphs, and exhibits pertinent to the above claims in memorandum and declaration in support following.

May 26, 2004
Date

Respectfully submitted,

By: John R. Walker
John R. Walker-pro se
1416 Armfield Road
Apartment H
Richmond, VA 23225-7542

## MEMORANDUM AND DECLARATION IN SUPPORT

**1]** First, while referring to Petitioner's third ground for relief, Respondent states on page five: "When Magistrate Judge Sherman previously found that Walker did not discover the factual predicate of this claim until October 4, 2001, when he has (sic)Advised that he would be placed on post release control. (R. 15, Report and Recommendation). When Magistrate Judge Sherman issued the Report and Recommendation, **he did not have the benefit of Walker's guilty plea form**, which was signed by Walker on December 1, 1999, and which advised him (Walker) that he was subject to post release control. (Exhibit 1)." (Emphasis added).

**2]** This statement completely disregarded **(1)** Petitioner's Memorandum in Support of Habeas Corpus Petition (Doc. 1, pp. 13-15), while discussing the Rule 11 colloquy, specific mention was made to the "Guilty Plea/Agreed Sentence-Exhibit F" on page 14 and 15, and it was included in the Appendix of Exhibits, ExhibitF-Appx. pp. 14 and 15. **(2)**Likewise, in Petitioner John R. Walker's Reply in Opposition to Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 10), express reference was made to "[t]he ambiguous, equivocal nature of this document, plus the coercive and extremely stressed environs that Petitioner had endured, left Petitioner in 'fugue state' and unable to protest his situation of signing under duress; Ex. 5, 6, 7, 8, &9, Appx. pp. 6-14." Here, the Guilty Plea/Agreed Sentence form was Exhibit 5, Appx.pp. 6 and 7.

**3]** Additionally, it should be noted that no objection was raised by Respondent to the Report and Recommendation, Doc. 15, 8/13/2002; Supplemental Report and Recommendation, Doc. 23, 1/24/2003 of Magistrate Judge Sherman, and the associated Orders of Judge Weber-Doc. 22,12/20/2002 and Doc. 24, 3/6/2003-were neither objected to nor appealed. This period of twenty-one (21) months shows a lack of regard for already stretched federal and state court resources. **FRCVP 12(f), 28 USCA; 28USCA 2254.**

2

**4]** "The determination of whether a case of neglect was excusable 'is at bottom an equitable one, taking into account of all relevant circumstances surrounding the party's omission.'" **Wilkerson v. Jones**, 211 F.Supp.2d 856,858 (E.D. Mich 2002)(quoting **Pioneer Inc. Sercs. Co. v. Brunswick Assoc. Ltd. P'ship** 507 US 380 395 (1993). "The Court turns first to the danger of prejudice to Petitioner. 'In analyzing prejudice, the Court must assume that a petitioner's constitutional claim is meritorious.'" **Wilkerson v. Jones**, at 858. quoting **Jackson v. United States,** 129 F.Supp.2d 1053, 1069 (E.D. Mich. 2000). Further delay in adjudication of this habeas petition will prejudice Petitioner substantially and has already lost one remedy and will soon lose another to the passage of time.

**5]** Petitioner will address the other erroneous statements of facts and his arguments for the provisions of 28 USCA 2244(d)(1)(d) equitable tolling in his answer to Respondent's motion to dismiss after he attends to his medical needs.

**6]** Petitioner prays that this honorable Court **STRIKE** the abovementioned section of Respondent's Motion to Dismiss as being frivolous and vexatious and apply such sanctions as appropriate in the course of law and rules of court.

Respectfully submitted,

By: _____
John R. Walker-*pro se*
1416 Armfield Road
Apartment H
Richmond, VA 23225-7542

### CERTIFICATE OF SERVICE

I hereby certify that one true copy of the foregoing was mailed prepaid 1st Class mail to Jim Petro, Attorney General of Ohio, c/o Diane Mallory, Assistant Attorney General, Corrections Litigation Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215, on the _26_th day of May, 2004.

By: _____
John R. Walker-*pro se*

3