FILED
JAMES BONINI
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT CINCINNATI

04 JUN 18 PM 1:08

JOHN R. WALKER,                              Case No.: <u>1:01-CV-848</u>

      Petitioner,                      **DISTRICT COURT JUDGE:**
                                             **HERMAN J. WEBER**
v.

JEFFREY A. WOLFE, Warden                     **MAGISTRATE JUDGE:**
                                             <u>JACK PERELMAN</u> or
      **Respondent**                   <u>THOMAS BLACK</u>

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PETITIONER JOHN R. WALKER'S ANSWER IN RESPONSE
## TO RESPONDENT'S MOTION TO DISMISS

## PETITIONER'S MOTION FOR SUMMARY JUDGMENT ON THE MERITS OF THE CASE

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Now comes Petitioner John R. Walker who respectfully requests that this honorable Court overrule Respondent's motion to dismiss and proceed to summary judgment on the merits of Petitioner Walker's following arguments for equitable tolling of the statute of limitations and exception from any default of state procedures that would deprive him of his day in court. Petitioner will support this motion with attached memorandum.

Respectfully submitted,

By: *John R. Walker*

John R. Walker-***pro se***
1416 Armfield Road
Apartment H
Richmond, VA 23225-7542

<u>**MEMORANDUM IN SUPPORT**</u>

## STANDARD OF REVIEW

The Petitioner will concede that his habeas petition was filed after the one-year limitation period governing his claims had expired. However, the one-year limitation period applicable to 28 USC §2254, habeas petitions, is a statute of limitations, which is subject to the doctrine of equitable tolling-rather than a jurisdictional prerequisite that bars review by the federal courts if it is not satisfied. ***Dunlap v. United States***, 250 F.3d 1001, 1004-1005, (C.A. 6 (Tenn.) 2001) . See, e.g., ***Irwin v. Department of Veteran Affairs***, 495 U.S. 89, 95,(1990).

Furthermore, the United States Supreme Court has permitted equitable tolling where the claimant, "actively pursued his judicial remedies by filing a defective pleading during the statutory period," or where the claimant was "induced or tricked by his adversary's misconduct in allowing the filing deadline to pass." ***Id.*** When determining the appropriateness of equitable tolling, the test set forth in ***Andrews v. Orr***, 851 F.2d 146, 151,is the appropriate level of review to be considered in a habeas petition and all other cases, unless there is congressional authority to the contrary. ***Dunlap***, 250 F.3d at 1009. For example, equitable tolling has been allowed on the sixty (60) day deadline for filing of reconsiderations and appeals in Social Security cases under the circumstances that the claimant was ***mentally impaired*** and thus was denied due process through his inability to act. See ***Byam v. Barnhart***, 336 F3d 172, 183 (C.A.2(Vt.)2003); ***Stieberger v. Apfel***, 134 F.3d 37, 40-41(C.A.2( )1997); ***Cannales v. Sullivan***, 936 F.2d 755, 758 (C.A.2( )1991); (quoting ***Elchediak v. Heckler***, 750 F.2d 892, 894 (C.A. 11( )1985); ***Parker v. Califano***, 644 F.2d 1199, 1203 (C.A.6( ) 1981); and ***Young v. Bowen***, 858 F.2d 951, 955 (C.A.4( )1988). Social Security Act s 205(g); 42 USCA s 405(g).

The Sixth Circuit has set forth the five factor test when considering the tolling of  all statute of limitations  in ***Andrews v. Orr***. "The court considers: **(1)** the petitioner's lack of notice of the filing requirement; **(2)** the petitioner's lack of constructive knowledge of the filing requirement; **(3)** diligence in pursuing one's rights; **(4)** absence of prejudice to the respondent; and **(5)** the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." ***Jurado v. Burt***, 337 F.3d 638, 643 (C.A.6 (Oh.) 2003) (quoting ***Dunlap*** 250 F.3d at 1008)." This list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." ***Jurado*** at 643 (quoting  ***Miller v. Collins***, 305 F.3d 491 (C.A.6( )2002).

### MEMORANDUM IN SUPPORT

### MENTAL INCOMPETENCE

Petitioner Walker now claims his previously undiagnosed mental impairments-Bipolar Disorder and other as yet undiagnosed mental impairments-as an "affirmative defense" that bolsters his already credible statements about being in a **"fugue"** state before, during, and after the Rule 11 proceedings because of the affects to perception, reality, understanding, clarity, and cognizance of thought caused by such a serious condition. "A criminal defendant may not be tried unless he is competent." *Mallet v. U.S.*, 334 F.3d 491, 494 (C.A.6(Oh.)2003) (citing *Godinez v. Moran*, 509 U.S. 389, 396 (1993); *Gall v. Parker*, 231 F.3d 265, 284 (C.A. ( )2000).

Initially, this Court must determine if a plea of guilty is voluntary for the purposes of the federal constitution is question of federal law. *Henderson v. Morgan*, 426 US 637 (1976); *Boykin v. Alabama* 395 US 238 (1969). In order to be deemed valid under constitutional statutes, a guilty plea must be both "voluntary" and "intelligent." *Boykin*, 395 US at 242. In *Brady v. United States*, 397 U.S. 742(1910), the United States Supreme Court established the rule determining the voluntaries of a guilty plea. *Id*. at 755. Therefore this Honorable Court must assess the voluntariness of Petitioner's plea in light of "all of the relevant" circumstances. *Brown v. Perini*, 718 F.2d 784, 786 (C.A. 6(Ohio)1983); cf. *United States v. Usher*, 703 F.2d 956, 958(C.A. 6(Ohio)1983) (voluntariness of the plea assessed under the "totality of the circumstances"). This includes the "subjective perception" of the defendant at the time of his agreement to a guilty plea. *Euzlele v. United States*, 249 F.2d 293, 294-95 (C.A. 10( )1957); accord, *United States v. Werker*, 535 F.2d 198, 202 (C.A. 2( )1976).

As evidenced in **Exhibit /** it can be safely assumed that Judge Crush's conduct was coercive and threatening to both the Petitioner and his counsel. The United States Supreme Court has stated that it is "intolerable" to force a criminal defendant to surrender one constitutional right (i.e., effective assistance of counsel, right to jury trial) to assert another (due process). See *Simmons v. United States*, 390 U.S. 377 (1968). The element of a coerced choice is nevertheless present in the Petitioner's case at bar. The trial court effectively forced the Petitioner to plead guilty with an unprepared attorney and to forego his Sixth, and Fourteen rights. The Petitioner's attorney's lack of time to prepare for trial was particularly prejudicial to the Petitioner in, light of the fact-intensive nature of the State's case, counsel had limited preparation time in which to consult with his client, establish a defense, all in contrivance of the Petitioner's guaranteed constitutional rights.

## MEMORANDUM IN SUPPORT

Therefore, where the prosecutor or the judge, or both, "deliberately" employ their charging and sentencing powers to **induce** a particular defendant to plead guilty, the evidence that the trial judge threatened the Petitioner with a harsher sentence if convicted after trial, in order to *induce* him to plead guilty is in **Exhibit /.** See **Brady v. United States**, 397 U.S. 742, 751 (1970). "'[A] confession cannot be used if it is involuntary.'" **Hill v. Anderson**, 300 F.3d 679, 682 (C.A.6(Oh.)2002)(quoting **United States v. Macklin**, 900 F.2d 948, 951 (C.A.6( ) 1990), *cert* denied, 498 US 840 (1990)(citing **United States v. Washington**, 431 US 181, 186-87 (1977). A prisoner's "mental condition  is surely relevant to an individual's susceptibility to ... coercion." **Colorado v. Connelly**, 479 US 157, 165 (1986).

Apparently, the Petitioner's case "fell through the cracks of the system, forgotten until just before the Petitioner's rights to speedy trial were violated." Indeed, following his arrest the Petitioner languished in jail for eighty-three(83) days. No one can say with certainty what additional factual issues the Petitioner's counsel would have raised had he been afforded the opportunity to consult with his client prior to trial. In addition, the Petitioner, had no time to ponder Judge Crush's stern, overbearing, and intimidating statements, nor did the Petitioner have time to consider his attorney's erroneous advice prior to entering his plea. In fact, at most, the Petitioner had only several minutes to consider the entire situation. Thus, there was not ample time for reflection and deliberation upon the options available to him; hence, the eventual guilty plea was the product of judicial coercion and inducement.

Furthermore, because these facts could not have been discovered through the exercise of due diligence previously before the statute of limitations had expired, s 2244(d)(1)(D) should be applied to the petitioner's case. The AEDPA states under Title 28 USCA s 2244 (d)(1)(D) "... The limitation period shall run from the latest of--(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." As shown in **Exhibit 2**, Dr. Sultan A. Lakhani, MPH, and Nancy Wallace, FNP examined Walker in October 2003, and had identified symptoms and manifestations of mental disorders as described in 42 USCA; 20 CFR 404, Subpart P, Appendix 1, by techniques developed by the Social Security Administration in ss 404.1520a and 416. 920a; i.e., sections 12.04-affective disorder, bipolar syndrome; 12.08-personality disorders,  and 12.09-polysubstance abuse disorders. During the ninety-five (95) days of jail  time and thirty-three (33) months of incarceration at Noble Corrections Institution, Walker was treated with "deliberate indifference" to his serious medical needs, causing him **crushing pain and mental anguish. See Exhibit 3.**

<u>**MEMORANDUM IN SUPPORT**</u>

Additionally, because of his serious mental impairments, Petitioner Walker was misled by the so-called legal clerks about the one year statute of limitations and Noble Corrections Institutional law library did not have a copy of 28 USCA s 2244 et seq.or 28 USCA s 2254 et seq.-any later than 1994-or any other definitive material relating to the one year statute of limitations and how it operated. These serious deficiencies in the institutional law library violate the precepts that there may be no impediments that 'effectively foreclosed access' to the courts, and this includes the right to appointment of counsel to indigent persons and meaningful access to law material and legal assistance on appeals and petition for writs of habeas corpus. See *Bounds v. Smith*, 430 US 817 (1977); *Douglas v. California,* 372 US 353 (1963); *Smith v. Robbins*, 528 US 258, 270 (2000); *Holloway v. Ohio*, 179 F3d 431, 447 (C.A.6(OH)1999). In *Ex Parte Hull,* 312 US 546, 549 (1941), the Supreme Court stated: '"... the state and its officers may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas corpus."' *Bounds,* 430 US at 818.

It is difficult enough for a seasoned "traveler's avoid the entanglements of obvious blockades flanked by apparent detours that lead only into ambushes, but for an unarmed prisoner to thrust into the arena against Lexis-Nexis gladiators without the minimal understanding of the rules and procedures by which the "battle" is judged, is wholly incomprehensible and inexcusable. See *Bounds,* at 833339927; also, *Wolff v. McDonnell,* 418 US 589 (1944).

The Petitioner had no knowledge of the evidence used against him until he received a partial evidentiary package from Ms. Diana M. Anneli-Ohio Disciplinary Counsel No.: AO-3498- on May 26, 2001, two days after the Petitioner had filed his delayed appeal-Case No.: **C-010344**. This evidence packet was sorely lacking, as it was illegible and items were missing, such as the Plea Bargain Agreement, the contract signed before the Rule 11 proceedings. In fact, Atty. Keller failed to return his client's documents for over eighteen (18) months, he failed to represent his client effectively and zealously, and he failed to file the Petitioner's notice of appeal, a "purely ministerial duty." *Roe v. Flores-Ortega,* 528 US 470 (2000).

These actions/inactions caused the more serious denial of the entire judicial proceedings, which the Petitioner had expressly requested and to which he had a right; therefore, counsel's alleged deficient performance, arguably, led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of the judicial proceeding. Accordingly, Atty. Keller's ineffective performance deprived the Petitioner of the notice of appeal and notice of

## MEMORANDUM IN SUPPORT

the one year statute of limitations for the filing of habeas corpus petitions and hence, the appeal altogether. In essence, Atty. Keller's performance fell far below the "reasonable standard" mandated in **Strickland v. Washington,** 466 U.S. 668(1984).

However, in **United States v. Chronic**, 466 U.S. 648, 659 (1984); **Penson v. Ohio**, 488 U.S. 75, 88, (1988); and **Smith v. Robbins**, 120. S.Ct. 746 (2000), held that the complete denial of counsel at a "critical stage" of a judicial proceeding mandates a "presumption of prejudice" because "the adversary process itself" has been rendered" presumptively unreliable." **Flores-Ortega** 120 S.Ct. at 1038 (quoting **Chronic**, 466 U. S. at 659). Hence, Petitioner Walker lacked constructive notice", i. e., Atty. Keller should have known of the thirty day time period, in which to file the requested appeal, <u>and because of the reasonableness of the Petitioner remaining</u> <u>ignorant of his rights to proceed on delayed appeal and to file a timely petition for a writ of</u> <u>habeas corpus, the Petitioner feels that he has not only met the factors set forth in</u> **Wright v. State of Tennessee**, 628 F.2d at 953, identified by reference in **Andrews v. Orr,** 851 F.2d at 151; and affirmed in **Rose v. Dole**, 945 F.2d 1331, 1335 (C.A. 6(Tenn.)1991), and upheld in **Dunlap**, 250 F.2d at 1009<u>; but, the Petitioner has also superceded the five part test of Wright, supra, and</u> <u>its progeny.</u>

Furthermore, if the Respondent should advance an argument that the State of Ohio would be prejudiced if this Court should decide to apply the doctrine of equitable tolling, their argument will be totally without foundation, because "prejudice may only be considered if other factors of the test are met...", **Dunlap**,; at 1009 (citing **Andrews**, 851 F.2d at 151; quoting **Baldwin County Welcome Center v. Brown**, 466 U.S. 147, (1984), because, in the instant case, it is truly the Petitioner who has been prejudiced. **Andrews** (citing **Fox v. Eaton Corp**). 615 F.2d716, 718 (CA 6 (Ohio) 1980), cert denied, 450 US 935 (1981)).

Accordingly, "[e]quitable tolling stops the running of the statute of limitations in light of established equitable considerations." **Turner  v. Smith**, 70 F.Supp.2d 785, 787 (E.D.Mich.(1999)) (quoting **New Castle County v. Halliburton NUS Corp**., 111 F.3d 1116, 1125,(C.A. 3 (Del.) 1997). However, even though the instant petition was filed beyond the statute of limitations mandated by the "AEDPA", the Petitioner claims entitlement to equitable tolling, as he has demonstrated -not only five factors set out in **Andrews v. Orr** but also, the requisite "'extraordinary circumstances' beyond his control making it is impossible to file the instant petition on time." **Turner v. Smith** at 787 (quoting **Calderon v. U. S. Dist. Court. for the Central Dist. of Cal.** 112 F.3d 386,391 (C.A. 9 (Cal.) 1997). Likewise, "the doctrine of equitable tolling"

**MEMORANDUM IN SUPPORT**

should apply to this instant case because it truly meets the requisite "rare and exceptional" or "extraordinary circumstances" test delineated in the *Irwin* Court and numerous other courts.

### EXHAUSTION/STANDING OF CLAIM # 3-POST RELEASE CONTROL

This Court decided without objection from the Respondent that Petitioner Walker did not have Article III "standing" to bring a claim for relief concerning Post Release Control until he had exhausted his state remedies for a second time because petitioner was not notified until October 4, 2001, after petitioner had appealed to the Supreme Court of Ohio that he would be "in custody" of the Ohio Adult Parole Authority for an additional three years following his release from prison. After exhausting state remedies, petitioner mailed his "Motion to Reinstate His Petition for a Writ of Habeas Corpus" on October 20, 2003.

So, the Petitioner respectfully requests that this Honorable Court not hesitate to consider and apply the doctrine of equitable tolling, as the Petitioner reiterates that he has met the factors set forth in both *Wright v. State of Tennessee, supra, and Irwin v. Dept. Veterans Affairs, supra.*

### CONCLUSION

The petitioner proclaims his innocence; thus, in holding that he was denied the right to effective assistance of counsel in filing a notice of appeal in order to prosecute a judicial proceeding to which he was entitled, the Writ of Habeas of Habeas Corpus should be issued. This Court has the authority to STAY the OAPA representatives from initiating any orders, threats, warrants, detainers, or any other proceedings against Petitioner Walker for the pendency of these Federal Court proceedings pursuant to 28 USC s 2251 to protect the petitioner against unwarranted actions by the State of Ohio.

Accordingly, the Petitioner requests that the *doctrine of equitable tolling* be applied, that  this motion for summary judgment be well received, and that discovery and appointment of counsel be ordered so that an evidentiary hearing will be held under the circumstances enumerated in *Townsend v. Sain,* 372 US 293, 313, (1963)  to develop an unabridged record to afford Petitioner Walker a full and fair fact hearing.

## MEMORANDUM IN SUPPORT

Furthermore, Petitioner Walker prays for that in light of the magnitude of the violations of the Constitutional rights he has suffered that the Doctrine of Equitable Tolling be applied pursuant to 28 USC ss 2244(d)(1)(D) and 2254(e)(2)(A)(ii) and 2254(e)(2)(B) and **that a Writ of Habeas Corpus should issue before this live case and controversy becomes moot while awaiting Federal hearings**.

Respectively submitted,

By: _John R. Walker_

John R. Walker/Petitioner-*pro se*
1416 Armfield Road
Apartment H
Richmond, VA 23225-7542

## CERTIFICATE OF SERVICE

I hereby certify that one true copy of the foregoing was sent to the Respondent's Counsel of Record, Diane Mallory, Assistant Attorney General, Corrections Litigation Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215-6001 via 1st class US mail on June 16th, 2003.

By: _John R. Walker_

John R. Walker/Petitioner-*pro se*

8