UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN R. WALKER,

        Petitioner,        Case No. 01-CV-848

    v.        Judge Weber

JEFFREY WOLFE,        Magistrate Judge Black

        Respondent.

**RESPONDENT'S REPLY TO PETITIONER'S MEMORANDUM OPPOSING RESPONDENT'S MOTION TO DISMISS AND MEMORANDUM OPPOSING PETITIONER'S MOTION FOR SUMMARY JUDGMENT**

On May 19, 2004, Respondent filed a renewed motion to dismiss the instant habeas petition because the claims are barred by the statute of limitations contained in 28 U.S.C. §2244(d)(1). Petitioner ("Walker") has filed a Memorandum opposing the motion (an "Answer in Response to Respondent's Motion to Dismiss") and a motion for summary judgment. Respondent submits this reply to Petitioner's memorandum. Further, Respondent opposes the motion for summary judgment.

In his memorandum, Walker claims that he is entitled to equitable tolling. He also argues that he is entitled to a later start date of the statute of limitations pursuant to 28 U.S.C. §2244(d)(1)(D). Finally, he argues that he had no standing in state court to raise the claim presented in his third ground for relief (in which he challenged the constitutionality of Ohio's post-release control statute) until he was notified that he would be placed on post-release control on October 4, 2001.

## I.  Equitable tolling

Walker argues that he is entitled to equitable tolling because he was mentally incompetent and because he was unaware of the filing deadline (for which he blames the institution's law library and the prison's failure to provide counsel and/or legal assistance). He also argues that the Court should not consider prejudice to Respondent. He is not entitled to equitable tolling.

Congress intended for the AEDPA to further the principles of comity, finality, and federalism. Williams v. Taylor, 529 U. S. 420, 436, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000) (stating that "there is no doubt Congress intended AEDPA to advance these doctrines [comity, finality, and federalism]"). Consistent with such purpose, Congress created a one-year limitations period that was meant to streamline the habeas review process and to lend finality to state court convictions. Duncan v. Walker, 533 U. S. 167, 121 S. Ct. 2120, 2128, 150 L. Ed. 2d 251 (2000) (recognizing that "the 1-year limitation period of §2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments"). Indeed, as recognized by the Second Circuit in Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir. 2000), the AEDPA's one-year limitations period implicates values beyond the interests of the parties and, in particular, "promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time."

Equitable tolling is to be used sparingly, and the circumstances under which equitable tolling is appropriate are few in number. Dunlap v. United States, 250 F.3d 1001, 1008-9 (6th Cir. 2001). The petitioner bears the burden of proof on the issue of equitable tolling. Dunlap, at 1010; Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002). "Equity is not intended for those who sleep on their rights." Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999).

As the Dunlap court noted, the purpose underlying the one-year limitation period, to curb undue delays and abuses of the writ of habeas corpus, is served by the statute of limitations. As such, equitable tolling should only be allowed in certain limited circumstances. Dunlap, at 1006. The Dunlap court identified five factors to be considered in order to determine whether equitable tolling is appropriate: 1) the petitioner's lack of notice of the filing requirement; 2) the petitioner's lack of constructive knowledge of the filing requirement; 3) diligence is pursuing one's rights; 4) absence of prejudice to the respondent; and 5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his or her claim. Dunlap, at 1008. (In the Dunlap case, the Court did not allow equitable tolling; it found that the petitioner did not exercise due diligence in pursuing his claim. Dunlap, at 1010.)

### A.   Mental Incompetence

Walker claims that he is entitled to equitable tolling because he was mentally impaired. In support of his argument, he submitted records indicating that he sought mental health treatment in 2003.

Walker is not entitled to equitable tolling for his alleged mental incompetence unless he demonstrates that his mental problems rendered him unable to file a habeas petition during the applicable one-year period. Burnett v. Birkett, 2002 U. S. Dist. LEXIS 23559 (E.D. Mich. 2002), unpublished, copy attached. The mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations; however, the petitioner must make a threshold showing of incompetence and demonstrate that the alleged incompetence affected his ability to file a timely habeas petition. Nowak v. Yukins, 46 Fed. Appx. 257, 2002 U. S. App. LEXIS 18133, at **5 (6th Cir. 2002), unpublished, copy attached, citing Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001). In the Nowak case, the petitioner attached records which showed that she suffered from significant depression during year when the statute of limitations was running. However, the records did not reflect that she was incompetent or incapable of preparing and filing her §2254 petition.

In Walker's case, the statute of limitations ran from January 1, 2000, until January 1, 2001. He has provided no medical documentation indicating that he suffered from a mental impairment which rendered him incapable of pursuing his claims during that period. Therefore, he is not entitled to equitable tolling.

**B.     Lack of knowledge of the filing deadline**

Walker suggests that he was unaware of the filing deadline. He is not entitled to equitable tolling based on his ignorance of the filing deadline.

4

Even if Walker had been ignorant of the filing deadline, his ignorance would not warrant equitable tolling. "Courts are reluctant to find that a lack of actual notice of the AEDPA, or ignorance of the law in general, may excuse a late filing." Winkfield v. Bagley, Case No. 02-3193, 66 Fed. Appx. 578, 2003 U.S. App. LEXIS 10789, at **13-14 (6th Cir. 2003) unpublished, copy attached, citing Fisher v. Johnson, 174 F.3d 710 714-15 (5th Cir. 1999)("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."). "[L]ack of knowledge of the law does not excuse [the] failure to timely file a habeas corpus petition." Miller v. Cason, Case No. 02-1412, 49 Fed. Appx. 495, 2002 U.S. App. LEXIS 20838, at **6 (6th Cir. 2002), unpublished, copy attached, citing Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), and Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).

Claims that a petitioner did not have professional legal assistance do not warrant equitable tolling. Holloway v. Jones, 166 F. Supp.2d 1185 (E.D. Mich. 2001). The facts that a petitioner is untrained in the law, is proceeding pro se and is unaware of the statute of limitations do not warrant equitable tolling. Wilson v. Renico, Case No. 01-CV-73638-DT, 2002 U.S. Dist. LEXIS 24632 (E.D. Mich. 2002), unpublished, copy attached. Ignorance of the law does not warrant equitable tolling. Winkfield v. Bagley, Case No. 02-3193, 66 Fed. Appx. 578, 2003 U.S. App. LEXIS 10789 (6th Cir. 2003), unpublished, copy attached.

Further, Walker was not reasonable in remaining ignorant of the filing deadline. In McClendon v. Sherman, 329 F.3d 490 (6th Cir. 2003), the Court

5

held that the incarcerated petitioner was unreasonable in remaining ignorant of the filing deadline and that he should have known of it from the decisions the Sixth Circuit itself made.

### C. Prejudice to Respondent

Walker argues that this Court should not consider prejudice to Respondent, citing Dunlap.

In Dunlap, the Court stated that prejudice (to Respondent) may only be considered if the other factors of the equitable tolling test are met and therefore can only weigh in the government's favor. Dunlap v. United States, 250 F.3d at 1009. Thus, only if Walker has satisfied one or more of the other Dunlap factors does this Court consider whether or not Respondent is prejudiced. If this Court cannot consider prejudice to Respondent, it is only because Walker has not satisfied the other Dunlap factors.

Respondent submits that Walker has not satisfied any of the factors under Dunlap which would warrant equitable tolling; and, therefore, the Court need not consider prejudice to Respondent. In any event, however, Respondent would certainly suffer prejudice, in terms of time and expense, if the Court were to grant equitable tolling of the statute of limitations. See Duff v. Brigano, Case No. C-2-02-1049, 2003 U.S. Dist LEXIS 13396, at *5 (S.D. Ohio 2003), unpublished, copy attached.

### II. 28 U.S.C. §2244(d)(1)(D)

Walker claims that he is entitled to a later start date of the statute of limitations pursuant to 28 U.S.C. §2244(d)(1)(D), which provides as follows:

6

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Walker claims that he had no knowledge of the evidence used against him until he received a partial evidentiary package from the disciplinary counsel.

Walker's claims challenge his guilty plea. His claims do not involve facts that were not known to him at the time of the plea and/or sentencing. He knew or should have known the factual predicate of his claims at the time he entered the plea. Under §2244(d)(1)(D), the relevant inquiry is when the petitioner knew or should have known the factual predicate of his claim, not when he recognized the legal significance or understood the legal theory of the claim. Owens v. Boyd, 235 F.3d 356 (7th Cir. 2000). Similarly, the relevant inquiry is not when the petitioner collected the evidence to support the claim. Hereford v. McCaughtry, 101 F. Supp.2d 742, 745 (E.D. Wis. 2000). §2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers the evidence to support his claim. Flanagan v. Johnson, 154 F.3d 196, 199 (5th Cir. 1998); Jurado v. Burt, 337 F.3d 638, 644 (6th Cir. 2003), citing Flanagan.

Walker is not entitled to a later start date of the limitation period under §22244(d)(1)(D).

### III. Post-release Control

Walker argues that he could not have challenged the constitutionality of Ohio's post-release control statute in state court until he was notified that he would be placed on post-release control on October 4, 2001.

Walker pleaded guilty to felonious assault, a violation of R.C. 2903.11, which is a felony of the second degree. (See Respondent's Motion to Dismiss, Exhibits 1 and 2.) Pursuant to Ohio's post-release control statute, R.C. 2967.28, any prison sentence for a felony of the second degree *shall* include a period of post-release control of three years. R.C. 2967.28(B)(2) (emphasis added). Thus, in Walker's case, a period of post-release control was mandatory. He knew or should have known that he would be on post-release control at the time of his sentencing and could have challenged it immediately since the post-release control was mandatory. He did not have to wait until after October 4, 2001, to raise this claim in state court, and, in fact, he did not wait until after October 4, 2001, to raise the claim in state court. He challenged the constitutionality of post-release control in his memorandum in support of jurisdiction filed in the Ohio Supreme Court on August 9, 2001. (See Respondent's Motion to Dismiss, Exhibit 8, Walker's Memorandum in Support of Jurisdiction, page 15, on which he argued that he was denied his right to "be free from violations of fundamental rights to procedural due process and doctrine of separation of power – Ohio Revised Code 2967.28[1] et seq. – which 'offends the very notion of the Bill of Rights.'")

---

[1] R.C. 2967.28 is Ohio's post release control statute.

8

Walker's claim challenging the constitutionality of Ohio's post-release control statute, as well as his other claims, is barred by the statute of limitations.

### IV.    Summary Judgment

Walker is not entitled to judgment as a matter of law, and his motion for summary judgment should be denied.

                                      Respectfully submitted,

                                      Jim Petro
                                      Ohio Attorney General

                                      <u>S/Diane Mallory</u>
                                      Diane Mallory (0014867)
                                      Assistant Attorney General
                                      Corrections Litigation Section
                                      150 East Gay Street, 16th Floor
                                      Columbus, Ohio 43215
                                      (614) 644-7233

### **CERTIFICATE OF SERVICE**

I hereby certify that a copy that a copy of the foregoing was mailed by regular, first-class mail to John R. Walker, 1416 Armfield Road, Richmond, Virginia 23225-7542, on the 29th day of June, 2004.

                                      <u>S/Diane Mallory</u>