EVERETT ALEXANDER BURNETT, Petitioner, v. THOMAS BIRKETT, Respondent,
Case Number 00-10144-BC

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, NORTHERN DIVISION

2002 U.S. Dist. LEXIS 23559

November 26, 2002, Decided

DISPOSITION: Respondent's motion to dismiss granted.

CASE SUMMARY:

PROCEDURAL POSTURE: Petitioner filed a pro se petition for a writ of habeas corpus pursuant to *28 U.S.C.S. § 2254,* attacking his state convictions for second-degree murder, and possession of a firearm in the commission of a felony. Respondent moved to dismiss.

OVERVIEW: The court found that the petition was not filed within the one-year time limit established by *28 U.S.C.S. § 2244*(d). Giving petitioner the benefit of all relevant dates for appealing his conviction, plus the period to petition for certiorari, petitioner's conviction was final for purposes of § 2244(d)(1) no later than June 20, 1997. Thus, his habeas petition had to be filed on or before June 20, 1998, to be considered timely. The petition, however, was not filed until March 7, 2000, when it was received by the clerk of the Northern District of Illinois. Even assuming petitioner actually filed his petition on January 7, 1999, that date it was signed and dated, by giving it to prison officials, the prison mailbox rule did not bring the petition within § 2244(d)'s deadline. The court found no reason to toll the deadline. Petitioner's evidence of mental competency did not indicate a genuine basis for concern that justified tolling the statute of limitations. He also did not alleged that the state's actions inhibited him from filing his petition during the limitation period. Finally, he did not show that he was placed in administrative segregation as a result of his own misconduct.

OUTCOME: The court granted the motion to dismiss.

CORE TERMS: equitable tolling, habeas petition, limitations period, one-year, prison, statute of limitations, expired, mail, administrative segregation, leave to appeal, prisoner, law library, competency, writ of habeas corpus, motion to dismiss, post-conviction, effective date, pro se, conclusory, innocence, mailbox, genuine, firearm, felony, notice, impediment, grievance, insufficient to justify, mentally incompetent, solitary confinement

LexisNexis(R) Headnotes

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN1] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, amended *28 U.S.C.S. § 2244* to include a new one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The one year statute of limitations runs from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *28 U.S.C.S. § 2244*(d)(1). If a habeas petition is filed outside the time period prescribed by this section, the petition must be dismissed.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN2] Prisoners whose direct appeals concluded prior to the Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, effective date have a one-year grace period to file their habeas petitions. However, when the finality date of the conviction occurs after the effective date of the AEDPA, the commencement of the one-year filing period is measured by the criteria set forth in *28 U.S.C.S. § 2244*(d)(1)(A)-(D). In cases where Michigan prisoners pursue all of the state appellate remedies normally available, that is, presenting their claims to the state's intermediate appellate court and supreme court, the

conviction becomes final 90 days after the Michigan Supreme Court renders its decision denying leave to appeal on the merits, accounting for the period within which the defendant may apply to the United States Supreme Court for a writ of certiorari. If a certiorari petition is actually filed, then the conclusion of Supreme Court proceedings establishes the finality date under § 2244(d)(1). *28 U.S.C.S. § 2244*(d)(1)(A); Sup. Ct. R. 13(1).

Criminal Law & Procedure: Postconviction Proceedings: Postconviction Generally
[HN3] Under Mich. Ct. R. 7.204(A)(2)(c), the a petitioner would have had 42 days from the date of the judgment of sentence to file an appeal of right in the Michigan Court of Appeals; he has 12 months from his sentence date to file a delayed application for leave to appeal in that court. Mich. Ct. R. 7.205(F). Under Mich. Ct. R. 7.302(C)(3), the petitioner then has had 56 days following denial of his appeal by the Michigan Court of Appeals to seek leave to appeal in the Michigan Supreme Court.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN4] Under the prison mailbox rule, a federal habeas petition is considered "filed" when the prisoner gives his petition to prison officials for mailing to the federal courts. Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition to prison officials on the date he signed it, for the purposes of Antiterrorism and Effective Death Penalty Act of 1996's, Pub. L. No. 104-132, 110 Stat. 1214, one year limitations period.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
 [HN5] See *28 U.S.C.S. § 2244*(d)(2).

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN6] In the context of *28 U.S.C.S. § 2244*(d)(2), the filing and denial of state court motions for post-conviction relief do not re-start the statutory clock.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN7] The doctrine of equitable tolling applies to the one-year limitations period for habeas corpus petitions. The federal courts sparingly bestow equitable tolling. Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. When determining whether equitable tolling is appropriate, courts must consider: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Criminal Law & Procedure: Counsel: Right to Self-Representation
[HN8] A federal habeas court has an obligation to liberally construe pro se pleadings.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN9] Where a habeas petitioner's mental competence is at issue and the record indicates a genuine basis for concern, it is proper for a district court to toll the Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, limitations period, at least until a district court makes a competency evaluation. However, a habeas petitioner must allege more than the mere existence of physical or mental ailments to invoke the equitable tolling of AEDPA's statute of limitations. The petitioner has the burden of showing that mental health problems rendered him unable to file a habeas petition during the one-year limitations period. Conclusory allegations of physical or mental illness are insufficient to justify equitable tolling of the statute.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN10] When a federal habeas petitioner relies on *28 U.S.C.S. § 2244*(d)(1)(B), which suspends the running of Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, one-year statute of limitations when an impediment resulting from unlawful state action has prevented a habeas petitioner from timely filing his or her habeas petition, a habeas petitioner must allege facts that establish that he was so inhibited by the state's action that he was unable to file and state a cause of action before the limitation period expired.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN11] The alleged denial of access to legal materials is not an exceptional circumstance warranting equitable tolling in the habeas corpus context. The right of access to the courts has never been equated with the access to legal materials. The petitioner is not entitled to suspension of the operation of the limitations period during the time spent waiting for the state court to provide him his transcripts, absent a showing that the transcripts were needed to file his application.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN12] The fact that a petitioner did not have access to a prison law library would not justify the equitable tolling of the statute of limitations in the habeas corpus context.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN13] Although solitary confinement can present an obstacle to filing a timely habeas petition, it does not qualify as an extraordinary circumstance that would justify equitable tolling, where a petitioner is placed in solitary confinement for his own misbehavior. In this situation, a habeas petitioner has no one to blame but himself for his increased hardship in filing a timely habeas petition and would therefore not be entitled to equitable tolling.

COUNSEL: [*1] Everett Burnett, PETITIONER, Pro se, Standish, MI USA.

JUDGES: DAVID M. LAWSON, United States District Judge.

OPINIONBY: DAVID M. LAWSON

OPINION: OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS

The petitioner, Everett Alexander Burnett, presently confined at the Marquette Branch Prison in Marquette, Michigan, has filed a pro se petition for writ of habeas corpus pursuant to *28 U.S.C. § 2254* attacking his convictions for second-degree murder, *Mich. Comp. Laws § 750.317*, and possession of firearm in the commission of a felony (felony firearm). *Mich. Comp. Laws § 750.227b*. The petition was not filed within the one-year time limit established by *28 U.S.C. § 2244*(d). The Court, therefore, will grant the respondent's motion to dismiss.

I.

The petitioner was found guilty of second-degree murder and felony firearm following a bench trial in the Detroit Recorder's Court on December 1, 1995. He was sentenced on January 19, 1996 and did not appeal his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court. On February 22, 1999, the petitioner filed a post-conviction[*2] motion for relief from judgment, which the trial court denied on December 9, 1999. People v. Burnett, 93-10170 (Wayne County Cir. Ct., Crim. Div., Dec. 9, 1999). The petitioner did not appeal the denial of this motion to either the Michigan Court of Appeals or the Michigan Supreme Court.

The petitioner has now filed a petition for writ of habeas corpus. The habeas petition was initially filed erroneously by petitioner in the United States District Court for the Northern District of Illinois. Although the petition is signed and dated January 7, 1999, the petition was not received by that court until March 7, 2000. The petition was transferred to this Court on March 20, 2000. Burnett v. Michigan Dep't of Corr., No. 00-C-1344 (N.D. Ill. Mar. 20, 2000). In his petition, Burnett raises the following claims for relief: 1) his convictions were obtained by use of a coerced confession; 2) the convictions were obtained by use of evidence obtained in an unconstitutional search and seizure; 3) the convictions were obtained by use of evidence pursuant to an unlawful arrest; and 4) the convictions were obtained by violation of the privilege against self-incrimination.

II.

The Antiterrorism[*3] and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996, and governs the filing date for the habeas application in this case because the petitioner filed his petition after the effective date of the Act. See *Lindh v. Murphy, 521 U.S. 320, 336, 138 L. Ed. 2d 481, 117 S. Ct. 2059 (1997).* [HN1] The AEDPA amended *28 U.S.C. § 2244* to include a new one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. *Matthews v. Abramajtys, 39 F. Supp. 2d 871, 873 (E.D. Mich. 1999).* The one year statute of limitations runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been[*4] newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If a habeas petition is filed outside the time period prescribed by this section, the petition must be dismissed. *Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000),* cert. denied, *531 U.S. 1201, 149 L. Ed. 2d 124, 121 S. Ct. 1211 (2001)* (case filed thirteen days after the limitations period expired dismissed for failure to comply); *Thomas v. Straub, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998).*

[HN2] Prisoners whose direct appeals concluded prior to the AEDPA's effective date have a one-year grace period to file their habeas petitions. See *Brown v. O'Dea, 187 F.3d 572, 576-577 (6th Cir. 1999).* However, when the "finality date" of the conviction occurs after the effective date of the AEDPA, the commencement of the one-year filing period is measured by the criteria set forth in § 2244(d)(1)(A)-(D).

In cases where Michigan[*5] prisoners pursue all of the state appellate remedies normally available, that is, presenting their claims to the state's intermediate appellate court and supreme court, the conviction becomes "final" ninety days after the Michigan Supreme Court renders its decision denying leave to appeal on the merits, accounting for the period within which the defendant may apply to the United States Supreme Court for a writ of certiorari. If a certiorari petition is actually filed, then the conclusion of Supreme Court proceedings establishes the finality date under § 2244(d)(1). *28 U.S.C. § 2244*(d)(1)(A); Sup. Ct. R. 13(1); *Allen v. Hardy, 478 U.S. 255, 258 n.1, 92 L. Ed. 2d 199, 106 S. Ct. 2878 (1986);* see *Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000).*

In this case, the petitioner never appealed his conviction to any Michigan appellate court. Another judge in this district has held that where a habeas petitioner did not file his application for leave to appeal his conviction to the Michigan Supreme Court, the one-year limitations period for petitioner to file his habeas petition began to run when the time for seeking leave to appeal [*6]with the Michigan Supreme Court expired. See *Erwin v. Elo, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001).* However, that question need not be decided today, for even the most generous computation of time will not assist the petitioner.

[HN3] Under Mich. Ct. R. 7.204(A)(2)(c), the petitioner would have had forty-two days from the date of the judgment of sentence to file an appeal of right in the Michigan Court of Appeals; he had twelve months from his sentence date to file a delayed application for leave to appeal in that court. See Mich. Ct. R. 7.205(F). Under Mich. Ct. R. 7.302(C)(3), petitioner would then have had fifty-six days following denial of his appeal by the Michigan Court of Appeals to seek leave to appeal in the Michigan Supreme Court. Giving petitioner the benefit of all of these dates, plus the period to petition for certiorari, the petitioner's conviction would have become final for purposes of § 2244(d)(1) no later than June 20, 1997. Thus, Burnett's habeas petition must have been filed on or before June 20, 1998 to be considered timely, unless the period of limitations was tolled.

The petition in this case was not filed in any court until March 7, 2000, when[*7] it was received by the clerk in the Northern District of Illinois. However, the operative date of the petition for the purpose of this motion is January 7, 1999, when the pleading was signed and dated. That is because [HN4] under the prison mailbox rule, a federal habeas petition is considered "filed" when the prisoner gives his petition to prison officials for mailing to the federal courts. *Hudson v. Martin, 68 F. Supp. 2d 798, 799 n.2 (E.D. Mich. 1999).* Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition to prison officials on the date he signed it, for the purposes of AEDPA's one year limitations period. Ibid. Thus, this Court assumes that petitioner actually filed his habeas petition on January 7, 1999, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later in the Northern District of Illinois. *Neal v. Bock, 137 F. Supp. 2d 879, 882, n.1 (E.D. Mich. 2001).* The prison mailbox rule, however, does not bring the petition's filing date within § 2244(d)'s deadline.

Title 28, § 2244(d)(2) provides that: [HN5] "The time during which a properly filed application[*8] for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, this provision has no impact in this case because the petitioner did not file his state post-conviction motion until February 22, 1999, well after the statute of limitations expired on June 28, 1998. The Sixth Circuit has unequivocally stated that [HN6] the filing and denial of state court motions for post-conviction relief do not re-start the statutory clock. See *Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001); Searcy v. Carter, 246 F.3d 515, 519 (6th Cir. 2001).*

The Sixth Circuit has recognized that [HN7] the doctrine of equitable tolling applies to the one-year limitations period for habeas corpus petitions. *Dunlap v. United States, 250 F.3d 1001, 1003* (6th Cir.), cert. denied, *534 U.S. 1057, 122 S. Ct. 649, 151 L. Ed. 2d 566 (2001).* "The federal courts sparingly bestow equitable tolling. Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances[*9] beyond that litigant's control." *Graham-Humphreys v. Memphis*

*Brooks Museum of Art, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000)* (citations omitted). When determining whether equitable tolling is appropriate, courts must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap, 250 F.3d at 1008.*

The petitioner alleges a number of scenarios in his quest for equitable tolling. Although the petitioner's responses to the respondent's motion to dismiss are difficult to read and the majority of responses involve conclusory allegations of a conspiracy between various federal and state authorities to keep him incarcerated, [HN8] this Court is mindful of its obligation to liberally construe pro se pleadings, see *Haines v. Kerner, 404 U.S. 519, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972); Middleton v. McGinnis, 860 F. Supp. 391, 392 (E.D. Mich. 1994),*[*10] and will consider each allegation in turn.

First, the petitioner mentions in passing that he should have had a lawyer because he was mentally incompetent. The Court will assume that the petitioner is arguing that his mental incompetence should equitably toll the limitations period. [HN9] Where a habeas petitioner's mental competence is at issue and the record indicates a "genuine basis for concern," it is proper for a district court to toll AEDPA's limitations period, at least until a district court makes a competency evaluation. See *Calderon v. U.S. Dist. Ct. for Cent. Dist. of Cal., 163 F.3d 530, 541 (9th Cir. 1998).* However, a habeas petitioner must allege more than the "mere existence of physical or mental ailments" to invoke the equitable tolling of AEDPA's statute of limitations. *Rhodes v. Senkowski, 82 F. Supp. 2d 160, 173 (S.D.N.Y. 2000).* The petitioner has the burden of showing that mental health problems rendered him unable to file a habeas petition during the one-year limitations period. Ibid. Conclusory allegations of physical or mental illness are insufficient to justify equitable tolling of the statute. *Torres v. Miller, 1999 U.S. Dist. LEXIS 13960, 1999 WL 714349,* (S.D.N.Y. Aug. 27, 1999) [*11] .

The only evidence that petitioner has offered as to his mental condition is a letter dated December 2, 1998 from Dr. Thomas D. Shazer of the Center for Forensic Psychiatry to the petitioner's attorney, and a notice of insanity (diminished capacity) dated October 28, 1993 filed by his defense counsel M. Jon Posner in his criminal case. The letter concerns a case unrelated to the conviction that the petitioner is attacking in this petition. In the letter, Dr. Shazer indicates that he had insufficient information to arrive at an opinion on petitioner's competency to stand trial, as he had neither any medical record information nor any recent observations of the petitioner from which he could reach an opinion. The letter, in fact, asked for advice from the petitioner's attorney on how to proceed with the petitioner's case, because the petitioner had failed to cooperate with any of his examinations in the past. Dr. Shazer went on to note that

if Mr. Burnett does not cooperate with his next examination, as he has repeatedly failed to cooperate with examinations in the past, I may face the same lack of adequate information on which to base a competency[*12] recommendation, as was the case after my initial attempts to interview Mr. Burnett in May of this year.

Dr. Shazer concluded he might be able to reach an opinion as to the petitioner's competency, but cautioned that absent the petitioner's cooperation, such a recommendation would be "quite tentative," far more so than would be the case if he had access to the petitioner's records.

The Court finds that the petitioner's evidence of mental competency does not indicate a "genuine basis for concern" which justifies tolling the statute of limitations. Dr. Shazer's report offered no opinion as to whether the petitioner was mentally competent or incompetent. The time period of Dr. Shazer's contacts with the petitioner that are mentioned in the letter took place between May and December of 1998, after the one-year limitations period had already expired. Furthermore, the notice of insanity was filed in 1993, which is too distant from the filing deadline to have a bearing on the petitioner's mental status during the period under consideration here.

The petitioner has offered no additional evidence in support of his claim that he was mentally incompetent during the one-year limitations[*13] period for seeking habeas review. *Fisher v. Johnson, 174 F.3d 710, 716 (5th Cir. 1999).* On the contrary, the petitioner has demonstrated mental competence. He was able to file both a motion for relief in judgment with the state trial court and a habeas petition with this Court, in which he raised several claims for relief. The petitioner was also capable of requesting copies of his trial and pre-trial transcripts, as evidenced by a letter dated December 2, 1997 from Carol D. Tolbert, the Deputy Clerk of Detroit Recorder's Court in response to petitioner's request, indicating that the clerk was sending him the transcripts. Because the petitioner has not made a sufficient showing that creates "genuine concern" for his mental

competency, he is not entitled to equitable tolling of the limitations period on this basis.

Next, the petitioner appears to claim that Department of Corrections officials refused to mail any of his legal documents either to the state courts or the federal courts. On the back of page two of his response to the respondent's motion to dismiss, the petitioner claims that "they lied" in stating that the petitioner never filed an appeal, claiming that[*14] his appeal was sent from Dwayne Waters Hospital where he had help mailing the document. The petitioner has also submitted a prison grievance dated September 19, 1997, which he filed against James Luckey, the law librarian at Jackson prison. In this grievance, the petitioner claimed that he had five legal letters that he wanted Luckey to mail; Luckey would only mail two of the legal letters; and the other three legal letters, which petitioner indicates were letters to a state representative, a state senator, and the legal department at "U. of M.," Luckey refused to mail. The petitioner also claimed in the grievance that "you people" had been refusing to send or deliver his mail for the past ten months. He does not identify precisely who these individuals are or the documents that he wanted mailed.

[HN10] When a federal habeas petitioner relies on § 2244(d)(1)(B), which suspends the running of AEDPA's one-year statute of limitations when an impediment resulting from unlawful state action has prevented a habeas petitioner from timely filing his or her habeas petition, a habeas petitioner must "allege facts that establish that he was so inhibited by the state's action that he was unable to[*15] file and state a cause of action before the limitation period expired." *Neuendorf v. Graves, 110 F. Supp. 2d 1144, 1153 (N.D. Iowa 2000)* (quoting *Whalem/Hunt v. Early, 204 F.3d 907, 909 (9th Cir. 2000),* rev'd and remanded, *233 F.3d 1146 (9th Cir. 2000)* (concluding there may be facts to support a finding of impediment)).

The petitioner has not alleged that the state's actions inhibited him from filing his habeas petition during the one-year limitation period. Other than conclusory allegations, the petitioner has presented evidence of only one incident occurring in September 1997 concerning Mr. Luckey, the librarian at Jackson prison. The petitioner does not suggest that a habeas petition, or any other limitations-tolling pleading, were among the letters Mr. Luckey refused to mail. It also appears that before the limitations period expired, the petitioner was able to request his trial transcripts from the Detroit Recorder's Court. Lastly, although there appears to be a significant delay between the dating and filing of the petition in this case, any deficit resulting to the petitioner is cured by the prison mailbox rule.

Next, the[*16] petitioner also appears to argue that he has been denied access to legal materials. [HN11] The alleged denial of access to legal materials is not an exceptional circumstance warranting equitable tolling. *Grayson v. Grayson, 185 F. Supp. 2d 747, 751 (E.D. Mich. 2002).* The right of access to the courts has never been equated with the access to legal materials. *Jones v. Gundy, 100 F. Supp. 2d 485, 488 (W.D. Mich. 2000).* Moreover, because the petitioner has not explained how the lack of access to legal materials prevented him from filing his habeas petition on time, he has failed to establish a basis for equitable tolling. Ibid. In any event, the petitioner is not entitled to suspension of the operation of the limitations period during the time spent waiting for the state court to provide him his transcripts, absent a showing that the transcripts were needed to file his application. *Brown v. Cain , 112 F. Supp. 2d 585, 587 (E.D. La. 2000).* The arguments raised in the petition are legal arguments that could have been raised without the transcripts. Thus, the petitioner is not entitled to equitable tolling on this basis.

Finally, the petitioner[*17] also appears to argue that he was prevented from filing his motion for relief from judgment with the state court because he was denied access to the law library due to being placed in administrative segregation at some point in his incarceration. [HN12] The fact that the petitioner did not have access to the prison law library would not justify the equitable tolling of the statute of limitations. See *United States ex. rel. Ford v. Page, 132 F. Supp. 2d 1112, 1115-16 (N.D. Ill. 2001)* (one-year limitations period would not be equitably tolled because pro se petitioner was ignorant of the law, and did not have access to the law library; such "run-of-the-mill" excuses did not rise to the level of "extraordinary circumstances"); *Rhodes, 82 F. Supp. 2d at 172, n.7* (allegations that habeas petitioner was not a skilled attorney and did not have unbridled access to law library were insufficient to justify equitable tolling of limitations period for filing habeas petition).

The petitioner's placement in administrative segregation for violating prison rules would not entitle him to equitable tolling. [HN13] Although solitary confinement can present an obstacle to filing[*18] a timely habeas petition, it does not qualify as an extraordinary circumstance that would justify equitable tolling, where a petitioner is placed in solitary confinement for his own misbehavior. *Hizbullahankhamon v. Walker, 105 F. Supp. 2d 339, 344 (S.D.N.Y. 2000);* aff'd *255 F.3d 65, 75 (2d Cir. 2001).* In this situation, a habeas petitioner "has no one to blame but himself for his increased hardship in filing a timely habeas petition" and would therefore not be entitled to

equitable tolling. *Walker, 105 F. Supp. 2d at 344.* Although the petitioner claims that he was placed in administrative segregation by an "illegally falsified hearing" and in retaliation for filing a lawsuit, the petitioner has offered no proof in support of this claim, nor has he presented any evidence that this administrative segregation was subsequently set aside by a state or federal court, even though he indicated on the face of his petition that he filed a complaint for judicial review with the 30th Judicial Circuit Court in Lansing, Michigan. Because the petitioner has failed to establish that he was not placed in administrative segregation as a result of his[*19] own misconduct, he is not entitled to equitable tolling.

The petitioner has failed to establish that he is entitled to equitable tolling of the statute of limitations. Although some courts have suggested that a claim of actual innocence of a habeas petitioner might permit the filing of an untimely habeas petition, *Cromwell v. Keane, 33 F. Supp. 2d 282, 286-87 (S.D.N.Y.1999); Thomas v. Straub, 10 F. Supp. 2d 834, 836 (E.D. Mich. 1998),* this Court need not address that issue in this case because the petitioner has not made a credible showing of actual innocence; he has offered no new reliable evidence of innocence in support of his claim. *Neal, 137 F. Supp. 2d at 885.*

III.

The Court concludes that the petitioner did not file his application for a writ of habeas corpus within the one-year limitations period established by *28 U.S.C. § 2244*(d). The Court further concludes that the petitioner failed to demonstrate any exceptional circumstances which would warrant equitable tolling of the limitations period.

Accordingly, it is ORDERED that the respondent's motion to dismiss [dkt # 12] is GRANTED and[*20] the petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

DAVID M. LAWSON

United States District Judge

Dated: November 26, 2002