OLIVER DUFF, Petitioner, v. ANTHONY BRIGANO, Warden, Respondent.
Case No. C-2-02-1049

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

2003 U.S. Dist. LEXIS 13396

June 9, 2003, Decided
June 10, 2003, Filed

PRIOR HISTORY: *State v. Duff*, 2001 Ohio App. LEXIS 439 (Ohio Ct. App., Franklin County, Feb. 8, 2001)

DISPOSITION: [*1] Motion for reconsideration denied; petitioner's objections overruled; magistrate's recommendation adopted; case dismissed.

CASE SUMMARY:

PROCEDURAL POSTURE: Petitioner inmate filed a federal habeas corpus proceeding pursuant to *28 U.S.C.S. § 2254* against respondent warden. The magistrate issued a report and recommendation that indicated that the inmate's claim should be dismissed because it was barred by the one year limitations period set forth in *28 U.S.C.S. § 2244*(d). The inmate filed objections to the report and recommendation and a motion for reconsideration.

OVERVIEW: The inmate was convicted in state court on two counts of aggravated assault, felonious assault, and failure to comply with an order or signal of a police officer. The inmate filed an appeal with the intermediate appellate court, which affirmed the judgment and conviction, and did not pursue an appeal to the state supreme court. The decision became final on March 25, 2001. The inmate filed his petition on October 1, 2002, and the magistrate recommended that the petition should be dismissed because the petition was not filed within one year from the entry of a final judgment in state court. The inmate objected to the recommendation, contending that he was entitled to equitable tolling because the delay was due to the neglect of the state public defender's office. The court held that equitable tolling was not appropriate. The warden would suffer prejudice in terms of time and expense if the court found equitable tolling to be applicable. Additionally it was not reasonable for the inmate to remain ignorant about the filing deadline and there was no showing that the inmate exercised diligence in protecting his rights.

OUTCOME: The court denied the inmate's motion for reconsideration of the magistrate's report and recommendation and the court overruled the inmate's objections thereto. The magistrate's report and recommendation was adopted and affirmed and the petition was dismissed.

CORE TERMS: recommendation, statute of limitations, equitable tolling, filing requirement, diligence, reconsideration, habeas corpus petition, constructive knowledge, failure to exercise, failing to comply, one year, ignorant, pursuing, notice, waits

LexisNexis(R) Headnotes

Criminal Law & Procedure: Habeas Corpus: Time Limitations
Governments: Legislation: Statutes of Limitations: Tolling
[HN1] Petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling. In order to determine whether equitable tolling is appropriate, a court must consider the following: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

COUNSEL: OLIVER DUFF, petitioner, Pro se, Lebanon, OH.

For ANTHONY BRIGANO, respondent: Mark J Zemba, Ohio Attorney General, Cleveland, OH.

JUDGES: EDMUND A. SARGUS, JR., United States District Judge. Magistrate Judge KEMP.

OPINIONBY: EDMUND A. SARGUS, JR.

OPINION: OPINION AND ORDER

On May 12, 2003, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to *28 U.S.C. § 2254* be dismissed for failing to comply with the one-year statute of limitations under *28 U.S.C. § 2244(d)*. Petitioner objects to that recommendation, and has filed a motion for reconsideration of the Magistrate Judge's Report and Recommendation. Doc. # 12. Pursuant to *28 U.S.C. 636(b)(1)*, this Court has conducted de novo review of those portions of the Report and Recommendation[*2] objected to. For the following reasons, the Court overrules petitioner's objections and adopts and affirms the Report and Recommendation.

As noted in the Magistrate Judge's Report and Recommendation, on April 24, 2000, petitioner was convicted in the Franklin County Court of Common Pleas on two counts of aggravated arson, felonious assault, and failure to comply with an order or signal of a police officer. On May 2, 2000, petitioner was sentenced to a cumulative term of nineteen and one half years incarceration. On February 8, 2001, petitioner's convictions and sentence were affirmed by the Tenth District Court of Appeals. Petitioner never filed any appeal of the appellate court's decision to the Ohio Supreme Court. On May 7, 2001, petitioner filed an application for reopening of the appeal pursuant to *Ohio Appellate Rule 26(B)*, which was ultimately dismissed by the Ohio Supreme Court on October 10, 2001; however, petitioner has not presented for federal habeas corpus review any of the claims raised therein.

As discussed in the Magistrate Judge's Report and Recommendation, under *28 U.S.C. § 2244(d)*, the statute of limitations therefore began to[*3] run on March 25, 2001, and expired one year later, on March 25, 2002. The instant petition was not signed by petitioner until October 1, 2002. Petitioner nonetheless asserts that he is entitled to equitable tolling of the statute of limitations, because it was due to the neglect of the public defenders office that he missed the filing deadline. See Motion for Reconsideration. Petitioner asserts:

On October 10, 2001, I requested the help of the Ohio Public Defender's Office, who in turn provided me with the legal assistance of Tina Falasca. Ms. Falasca stated that I had possible claims that she could raise, and in doing so that I needed to give her some time to brief and file this for the record. At that time, petitioner felt that attorney Falasca was representing him since he had not heard anything back from that point on. It wasn't until petitioner inquired about the status of his case, to find out that Ms. Tina Falasca was no longer at this office, so petitioner proceeded to find out through acting counsel, or its agents the whereabouts of his paperwork, to find out that there was not open files for Oliver Duff, nor a transcript.

Id.

[HN1] "Petitioner bears the[*4] ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers, 308 F.3d 647, 652 (6th Cir. 2002)*. In order to determine whether equitable tolling is appropriate, the Court must consider the following:

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001)*, citing *Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988)*.

Upon consideration of the foregoing factors, this Court concludes that equitable tolling is not appropriate here. See *Helton v. Secretary for the Department of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001)*(erroneous advice from attorney does not justify equitable tolling of statute of limitations), citing *Steed v. Head, 219 F.3d 1298 (11th Cir. 2000)*; *Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000)*;[*5] *Harns v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000)*; *Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999)*; see also *Whalen v. Randle, 37 Fed.Appx. 113, 118, unpublished, 2002 WL 409113 (6th Cir. 2002) (same)*; *Dunlap v. United States, supra, 250 F.3d at 1009* (failure to exercise due diligence where petitioner waits fourteen months before filing habeas corpus petition); *Craddox v. Mohr, 215 F.3d 1325, unpublished, , 2000 WL 658023 (6th Cir. 2000)*(failure to exercise due diligence where petitioner waits five months before filing habeas corpus petition). Certainly the respondent will suffer prejudice, in terms of time and expense, should the Court grant equitable tolling of the statute of limitations. Also, there is no indication regarding petitioner's lack of notice or constructive knowledge of the one year filing requirement for habeas corpus cases, nor would it have been reasonable for petitioner to remain ignorant of the one year filing requirement at the time his conviction became final, in March 2001. Further, the record does not indicate that petitioner[*6] exercised diligence in pursuing his rights. Petitioner fails to explain why he waited one year from the date he allegedly first contacted the public defenders office before filing this action.

Based upon the foregoing, and for the reasons discussed in the Magistrate Judge's Report and Recommendation, petitioner's motion for reconsideration is DENIED. Petitioner's objections are OVERRULED. The Report and Recommendation is hereby ADOPTED and AFFIRMED.

This case is DISMISSED for failing to comply with the one year statute of limitations under *28 U.S.C. § 2244(d)*.

6-9-2003

EDMUND A. SARGUS, JR.

United States District Judge