PATRICK MILLER, Petitioner-Appellant, v. JOHN CASON, Warden, Respondent-Appellee.

No. 02-1412

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

49 Fed. Appx. 495; 2002 U.S. App. LEXIS 20838

September 27, 2002, Filed

NOTICE:

[**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

PRIOR HISTORY: Eastern District of Michigan. 01-71572. Duggan. 03-15-02.

DISPOSITION: Affirmed.

CASE SUMMARY:

PROCEDURAL POSTURE: Petitioner was convicted at a bench trial of two counts of armed robbery and two counts of felony firearm. He then pled guilty to being a third habitual offender. The United States District Court for the Eastern District of Michigan dismissed his petition for a writ of habeas corpus filed pursuant to *28 U.S.C.S. § 2254*. Petitioner appealed.

OVERVIEW: Petitioner's habeas action was untimely filed. Petitioner's convictions predated the enactment of Antiterrorism and Effective Death Penalty Act of 1996, *28 U.S.C.S. § 2244*. Petitioner did not file his federal habeas corps petition until 2001, well after the one-year grace period expired on April 24, 1997. Also, because the limitations period had already expired, his state motion for relief from judgment, filed in 1998, could not toll the limitations period. Furthermore, the limitations period likewise was not tolled by any state-created impediment. Finally, equitable tolling was not appropriate because petitioner failed to demonstrate diligence in pursuing his rights. He did not explain why he waited three years after the conclusion of his direct appeal before seeking collateral relief in state court. Additionally, petitioner's lack of knowledge of the law did not excuse his failure to timely file a habeas corpus petition.

OUTCOME: The judgment of the district court was affirmed.

CORE TERMS: limitations period, federal habeas corpus, one-year, direct appeal, filing requirement, properly filed, state prisoner, state-created, impediment, diligence, equitable, pursuing, tolling, expired, rendered ineffective assistance, habeas corpus petition, post-conviction, convicted, untimely, firearm, tolled, notice

LexisNexis(R) Headnotes

Criminal Law & Procedure: Habeas Corpus: Standards of Review
[HN1] In habeas corpus actions, an appellate court reviews a district court's legal conclusions de novo and its factual findings for clear error.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN2] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), *28 U.S.C.S. § 2244*(d), establishes a one-year period of limitation for a state prisoner to file a federal habeas corpus petition. The limitations period generally runs from the latest of the conclusion of direct review, the removal of a state-created impediment which had illegally prevented the filing of a petition, a new constitutional right made retroactively available by the United States Supreme Court, or the discovery of new evidence. *28 U.S.C.S. § 2244*(d). Additionally, a state prisoner who was convicted before the enactment of AEDPA on April 24, 1996, has one year from that date to file a federal habeas corpus petition.

Criminal Law & Procedure: Habeas Corpus: Time Limitations

[HN3] A statute of limitations period is subject to tolling during the pendency of a properly filed state post-conviction application, as well as for equitable reasons. However, any lapse of time before a state application is properly filed will be counted against the one-year limitations period.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
Governments: Legislation: Statutes of Limitations: Tolling
[HN4] When determining whether equitable tolling is appropriate in a habeas action, a court must consider: (1) a petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

COUNSEL: PATRICK MILLER, Petitioner-Appellant, Pro se, Detroit, MI.

For JOHN CASON, Respondent-Appellee: Brad H. Beaver, Office of the Attorney General, Lansing, MI.

JUDGES: Before: KENNEDY and MOORE, Circuit Judges; DOWD, District Judge. *

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

OPINION: [*496] ORDER

Before: KENNEDY and MOORE, Circuit Judges; DOWD, District Judge. *

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

- - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - -

Patrick Miller, a pro se Michigan[**2] prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to *28 U.S.C. § 2254*. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *Fed. R. App. P. 34(a)*.

On September 9, 1993, Miller was convicted at a bench trial of two counts of armed robbery and two counts of felony firearm. He then pleaded guilty to being a third habitual offender and was sentenced to 20 to 40 years, as well as an additional 2 years for the firearm offenses. On February 13, 1995, the Michigan Court of Appeals denied his application for a delayed appeal for lack of merit, and Miller did not file an appeal with the Michigan Supreme Court. From October 23, 1998, until February 26, 2001, Miller unsuccessfully sought post-conviction relief in state court.

In his federal habeas corpus petition dated May 6, 2001, Miller asserted that: 1) he was denied his right to appeal; 2) the court violated his right to a fair trial by not giving reasons for denying his motion for a directed verdict; 3) trial counsel rendered[**3] ineffective assistance; and 4) appellate counsel rendered ineffective assistance. The district court dismissed the petition as untimely, but granted a certificate of appealability.

Miller's timely brief is liberally construed as asserting that the habeas corpus petition was timely.

[HN1] In habeas corpus actions, this court reviews a district court's legal conclusions de novo and its factual findings for clear error. *Lucas v. O'Dea, 179 F.3d 412, 416 (6th Cir. 1999)*.

Upon review, we conclude that the district court properly dismissed the action as untimely. [HN2] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), as codified at *28 U.S.C. § 2244*(d), establishes a one-year period of limitation for a state prisoner to file a federal habeas corpus petition. The limitations period generally runs from the latest of the conclusion of direct review, the removal of a state-created impediment which had illegally prevented the filing of a petition, a new constitutional right made retroactively available by the Supreme Court, or the discovery of new evidence. See *28 U.S.C. § 2244*(d). Additionally, a state prisoner who[**4] was convicted before the enactment of AEDPA on April 24, 1996, has one year from that date

to file a federal habeas corpus petition. See *Isham v. Randle, 226 F.3d 691, 693 (6th Cir. 2000).* [HN3] The limitations period is subject to tolling during the pendency of a properly filed state post-conviction application, as well as for equitable reasons. See *Dunlap v. United States, 250 F.3d 1001, 1004-07* (6th Cir.), cert. denied, *534 U.S. 1057, 151 L. Ed. 2d 566, 122 S. Ct. 649 (2001); Isham, 226 F.3d at 693.* However, "any lapse of time before a state application is properly filed will be counted against the one-year limitations period." *Bennett v. Artuz, 199 F.3d 116, 122 (2d Cir. 1999),* aff'd, *531 U.S. 4, 148 L. Ed. 2d 213, 121 S. Ct. 361 (2000).*

[*497] Miller, whose convictions predated the enactment of AEDPA, did not file his federal habeas corpus petition until 2001, well after the one-year grace period had expired on April 24, 1997. Because the limitations period had already expired, his state motion for relief from judgment, filed in 1998, could not toll the limitations period. See *Artuz, 199 F.3d at 122.*[**5]

The limitations period likewise was not tolled by any state-created impediment. Miller alleged that the State of Michigan impeded the filing of his federal habeas corpus petition by failing to give him notice of his appeal rights at sentencing, by not timely appointing counsel to perfect a belated appeal, by delaying the preparation of the trial transcripts for an unspecified amount of time, and by not granting him due process during his direct appeal. Although these alleged actions may have interfered with Miller's direct appeal in state court in the early 1990s, Miller has failed to explain how the actions prevented him from filing his federal habeas corpus petition until 2001.

The limitations period also was not tolled by the doctrine of equitable tolling. [HN4] When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap, 250 F.3d at 1008.*[**6] Equitable tolling is not appropriate in the instant case because Miller failed to demonstrate diligence in pursuing his rights; he did not explain why he waited three years after the conclusion of his direct appeal before seeking collateral relief in state court. Additionally, Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition. See *Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998).*

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.