AMY NOWAK, Petitioner-Appellant, v. JOAN YUKINS, Respondent-Appellee.

No. 02-1122

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

46 Fed. Appx. 257; 2002 U.S. App. LEXIS 18133

August 27, 2002, Filed

NOTICE:

[**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

SUBSEQUENT HISTORY: Writ of certiorari denied: *Nowak v. Yukins, 2003 U.S. LEXIS 1247* (U.S. Feb. 24, 2003).

PRIOR HISTORY: Eastern District of Michigan. 00-73676. Duggan. 12-21-01.

DISPOSITION: Affirmed.

CASE SUMMARY:

PROCEDURAL POSTURE: Petitioner appealed an order of the United States District Court for the Eastern District of Michigan, which dismissed her petition for a writ of habeas corpus filed under *28 U.S.C.S. § 2254.*

OVERVIEW: The district court properly dismissed the habeas claims as barred by the statute of limitations. Petitioner did not filed her § 2254 petition until well after the one-year statute of limitations had expired. Petitioner argued that the statute of limitations should have been equitably tolled because she was emotionally and mentally incapacitated when the statute of limitations was running. Petitioner did not make the required showing for such tolling. The relevant medical records did not reflect that she was incompetent or incapable of preparing and filing her petition.

OUTCOME: The district court's order was affirmed.

CORE TERMS: statute of limitations, habeas petition, effective date, equitably tolled, energy level, doctrine of equitable tolling, filing requirement, equitable tolling, leave to appeal, federal habeas, timely file, one year, de novo, post-conviction, second-degree, incompetence, undisputed, untimely, concentrate, incompetent, feeling

LexisNexis(R) Headnotes

Criminal Law & Procedure: Habeas Corpus: Appeals
[HN1] In the context of habeas corpus, the court of appeals reviews de novo the district court's determination that claims were filed outside of the applicable statutory limitations period.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN2] Under *28 U.S.C.S. § 2244*(d)(1), a state prisoner has one year from the conclusion of the direct appeal challenging her convictions to file for federal habeas relief.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN3] *28 U.S.C.S. § 2244*(d)(2) provides that the time during which a properly filed state post-conviction petition is pending does not count toward any period of limitations.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN4] In the context of habeas corpus, where the facts underlying a statute of limitations issue are undisputed, the court of appeals reviews de novo the district court's decision not to apply the doctrine of equitable tolling.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN5] In the context of habeas corpus, the court generally considers five factors when determining the appropriateness of equitably tolling a statute of

limitations: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing her rights; (4) the absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing her claims.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN6] In the context of a habeas petition, the mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations. The petitioner must make a threshold showing of incompetence, and demonstrate that the alleged incompetence affected her ability to file a timely habeas petition.

COUNSEL: Amy Nowak, Petitioner - Appellant, Pro se, Plymouth, MI.

For Joan Yukins, Respondent - Appellee: Debra M. Gagliardi, Asst. Atty General.

JUDGES: Before: KEITH and DAUGHTREY, Circuit Judges; CARR, District Judge. *

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

OPINION: [*258] ORDER

Before: KEITH and DAUGHTREY, Circuit Judges; CARR, District Judge. *

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Amy Nowak appeals a district court order dismissing her[**2] petition for a writ of habeas corpus filed under *28 U.S.C. § 2254*. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. *Fed. R. App. P. 34(a)*.

In 1987, Nowak pleaded guilty in Michigan state court to second-degree murder, kidnaping, and armed robbery, and the trial court sentenced her to life imprisonment. In August 2000, Nowak filed her § 2254 petition, alleging that: 1) an adequate factual basis did not exist for her second-degree murder conviction; and 2) her appellate counsel rendered ineffective assistance. The district court concluded that Nowak's petition was untimely and that the statute of limitations should not be equitably tolled; therefore, the court dismissed the petition. The district court did grant Nowak a certificate of appealability for the following issues: 1) whether her petition is barred by the statute of limitations set forth in *28 U.S.C. § 2244*(d); and 2) whether the statute of limitations should be equitably tolled. Nowak has filed a timely appeal.

[*259] Upon review, we conclude that[**3] the district court properly dismissed Nowak's habeas claims as barred by the applicable statute of limitations. [HN1] This court reviews de novo the district court's determination that the claims were filed outside of the applicable statutory limitations period. *Tolbert v. State of Ohio Dep't of Transp., 172 F.3d 934, 938 (6th Cir. 1999)*.

Nowak did not timely file her habeas petition. [HN2] Under *28 U.S.C. § 2244(d)(1)*, a state prisoner has one year from the conclusion of the direct appeal challenging her convictions to file for federal habeas relief. *Austin v. Mitchell, 200 F.3d 391, 393 (6th Cir. 1999)*. Nowak's convictions became final in 1992, when the Michigan Supreme Court denied her application for leave to appeal. See *Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000)*. Since her convictions became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), Nowak had until April 24, 1997, one year after the effective date of AEDPA, to timely file her federal habeas petition. Id. [HN3] However, § 2244(d)(2) provides that the time during which a properly filed state post-conviction[**4] petition is pending does not count toward any period of limitations. *Bronaugh, 235 F.3d at 283*. It is undisputed that a state post-conviction petition filed by Nowak was pending prior to the effective date of AEDPA. The Michigan Supreme Court denied her application for leave to appeal the denial of this petition on December

30, 1998. Therefore, the period of time from the effective date of AEDPA until December 30, 1998, was tolled, and the statute of limitations began to run on the last day of 1998. Nonetheless, Nowak did not file her § 2254 petition until August 16, 2000, well after the one-year statute of limitations had expired.

While she acknowledges that her habeas petition is untimely, Nowak argues that the statute of limitation should be equitably tolled. [HN4] Since the facts underlying the statute of limitations issue are undisputed, this court reviews de novo the district court's decision not to apply the doctrine of equitable tolling. *Dunlap v. United States, 250 F.3d 1001, 1007* (6th Cir.), cert. denied, *534 U.S. 1057, 151 L. Ed. 2d 566, 122 S. Ct. 649 (2001)*. [HN5] This court generally considers five factors when determining the appropriateness [**5] of equitably tolling a statute of limitations: 1) the petitioner's lack of notice of the filing requirement; 2) the petitioner's lack of constructive knowledge of the filing requirement; 3) the petitioner's diligence in pursuing her rights; 4) the absence of prejudice to the respondent; and 5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing her claims. *Id. at 1008*.

Nowak asserts that the doctrine of equitable tolling should be applied because she was emotionally and mentally incapacitated when the statute of limitations was running. [HN6] The mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations. See *Cantrell v. Knoxville Cmty. Dev. Corp., 60 F.3d 1177, 1179-80 (6th Cir. 1995)*. The petitioner must make a threshold showing of incompetence, see *Calderon v. United States Dist. Court for Cent. Dist. of Cal., 163 F.3d 530, 541 (9th Cir. 1998)* (en banc), and demonstrate that the alleged incompetence affected her ability to file a timely habeas petition. *Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001)*.

Nowak has not made this showing. Nowak[**6] has attached medical records to her habeas petition, which reveal that she suffered from significant depression during 1999 when the statute of limitations was running. However, these records do not reflect that she was incompetent or incapable of preparing and filing her § 2254 petition. In September 1998, Nowak was feeling [*260] relaxed with less stress, and she was able to concentrate and read books, although she did have a lower energy level for normal activities. While she was feeling very depressed in December 1998, she was still able to concentrate. By March 1999, her energy level for normal daily activities had improved, she was attending group therapy, and she wanted to go to cooking school. In June of that year, her energy level remained sufficient to perform normal activities. These records do not demonstrate that Nowak was incompetent so as to warrant the equitable tolling of the statute of limitations.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.