WILLIAM WILSON, Petitioner, v. PAUL RENICO, Respondent.
CASE NO. 01-CV-73638-DT

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

2002 U.S. Dist. LEXIS 24632

December 16, 2002, Decided
December 16, 2002, Filed

DISPOSITION: [*1] Petition for writ of habeas corpus dismissed with prejudice.

CASE SUMMARY:

PROCEDURAL POSTURE: Petitioner inmate filed a pro se petition for a writ of habeas corpus and alleged that he was incarcerated in violation of his constitutional rights. Respondent government moved to dismiss the petition as untimely.

OVERVIEW: The inmate was convicted of conspiracy, assault with intent to murder, armed robbery, and felony firearm possession. Applying the "prison mailbox rule" to the undisputed facts of the instant case, the court found that the petition was filed on September 10, 2001. The government filed a motion to dismiss and asserted that the petition should be dismissed for failure to comply with the one-year statute of limitations for habeas petitions. The government also claimed that the inmate procedurally defaulted the claims set forth in the present petition by failing to timely appeal the decision of the state courts. The inmate's petition was filed over four months after the expiration of the limitations period. The inmate neither alleged nor demonstrated that he was entitled to statutory tolling of the limitations period. The fact that the inmate was untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain time did not warrant tolling. His contention that his habeas claims had merit did not state a claim of actual innocence. Moreover, he presented no new reliable evidence in support of such a claim.

OUTCOME: The petition for a writ of habeas corpus was dismissed with prejudice.

CORE TERMS: leave to appeal, statute of limitations, sentence, limitations period, innocence, prisoner, procedurally, defaulted, tolling, writ of habeas corpus, prison, equitable tolling, habeas petition, one-year, untimely, procedural default, default, constitutional error, reliable evidence, effective date, habeas corpus, pro se, ignorance, fifty-six, expiration, diligence, scientific evidence, filing requirement, motion to dismiss, factual innocence

LexisNexis(R) Headnotes

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN1] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, provides the governing statute of limitations in a habeas case where a petitioner has filed his petition after the AEDPA's effective date. The AEDPA amended *28 U.S.C.S. § 2244* to include a new one-year statute of limitations for habeas petitions brought by prisoners challenging state court judgments. In most cases, a prisoner is required to file a federal habeas petition within one year of completing direct review of his claims.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN2] See *28 U.S.C.S. § 2244*(d).

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN3] Prisoners whose convictions became final after the Antiterrorism and Effective Death Penalty Act of 1996's, Pub. L. No. 104-132, 110 Stat. 1214, effective date only have the one year time period to file their federal habeas petitions, unless the limitations period is tolled.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN4] The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. The Sixth Circuit has ruled that a five part test is to be used to determine whether equitable tolling is appropriate. The five parts of this test are: (1) a petitioner's lack of notice of the filing requirement; (2) a petitioner's lack of constructive knowledge of the filing

requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to a respondent; and (5) a petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Criminal Law & Procedure: Habeas Corpus: Time Limitations
[HN5] Ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse late filing of a habeas petition. Lack of professional legal assistance does not justify tolling.

Criminal Law & Procedure: Habeas Corpus: Actual Innocence
[HN6] To support a claim of actual innocence, a petitioner in a collateral proceeding must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. A valid claim of actual innocence requires a petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence - that was not presented at trial. Furthermore, actual innocence means factual innocence, not mere legal insufficiency.

Criminal Law & Procedure: Habeas Corpus: Procedural Default
Criminal Law & Procedure: Habeas Corpus: Cause & Prejudice Standard
[HN7] A state prisoner's habeas corpus claims are procedurally defaulted if a prisoner has failed to comply with a state procedural rule, thus causing default of a prisoner's federal claims in state court. Absent cause and prejudice, a federal court may not reach the merits of a claim that has been procedurally defaulted in state court by a state prisoner in his direct criminal appeal. Procedural default can occur when an individual fails to present an issue to a state appellate court upon the only opportunity to do so. Procedural default does not occur, however, when the decision of the last state court to which a habeas petitioner presented his federal claims fairly appeared to rest primarily on federal law, or to be interwoven with federal law, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition.

Criminal Law & Procedure: Habeas Corpus: Procedural Default
Criminal Law & Procedure: Habeas Corpus: Cause & Prejudice Standard
[HN8] The cause and prejudice test should be applied to all occasions where a procedural default bars state litigation of a constitutional claim. To establish cause, a habeas petitioner must present a substantial reason to excuse the default.

Criminal Law & Procedure: Habeas Corpus: Actual Innocence
[HN9] The exception for miscarriages of justice requires showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. Actual innocence means factual innocence, not mere legal insufficiency. To be credible, a claim of actual innocence requires a petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.

COUNSEL: WILLIAM WILSON, petitioner, Pro se, St. Louis, MI.

For PAUL RENICO, respondent: William C. Campbell, Michigan Department of Attorney General, Lansing, MI.

JUDGES: PRESENT: HONORABLE LAWRENCE P. ZATKOFF, CHIEF UNITED STATES DISTRICT JUDGE.

OPINIONBY: LAWRENCE P. ZATKOFF

OPINION: OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse, in the City of Detroit, State of Michigan, on

16 DEC 2002

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF CHIEF UNITED STATES DISTRICT JUDGE

I. INTRODUCTION

Petitioner William Wilson, a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to *28 U.S.C. § 2254;* he alleges that he is incarcerated in violation of his constitutional rights. On May 1, 1998, Petitioner was convicted of conspiracy, assault with intent to murder, armed robbery, and felony firearm following a jury trial in the Saginaw County Circuit Court and on June 2, 1998, was sentenced to concurrent terms of ten to twenty years, life, life, and a two year consecutive[*2] term, respectively.

This matter is before the Court on Respondent's motion to dismiss the petition as untimely. For the reasons set forth below, Petitioner's petition for a writ of habeas corpus is DISMISSED for failure to comply with the

one-year statute of limitations set forth at *28 U.S.C. § 2244*(d).

II. BACKGROUND

Following his convictions, Petitioner pursued appellate relief in the Michigan Court of Appeals. In his appeal of right, Petitioner raised the following claims in the Michigan Court of Appeals:

I. The trial court abused its discretion in failing to grant defendant's motion for separate trials where the prosecutor's proofs against co-defendant and co-defendant's testimony were prejudicial to his substantial right to a fair trial.

II. The prosecution failed to produce sufficient evidence of the charges of conspiracy, armed robbery, assault with intent to commit murder, and felony firearm.

III. The defendant was denied his right to a fair trial by prosecutorial misconduct in the improper and highly prejudicial argument to the jury where he denigrated the defendant, his defense, and defense counsel, misstated the applicable[*3] law, argued facts not in evidence, urged the jury to convict on common sense and logic rather than the facts or law, and expressed his personal belief in defendant's guilt.

IV. The trial court's jury instructions were reversibly erroneous where it failed to give the instructions to the jury in a clear and understandable manner, failed to give cautionary instructions on intoxication, and on the identification of the defendant which was defendant's theory of the case, and were basic and continuing issues.

(A) Trial counsel was ineffective for failing to insure that the jury was properly instructed.

V. Defendant's sentencing proceeding was tainted by reversible error where:

(A) The trial court failed to properly consider the established sentencing factors and standards and failed to articulate valid reasons for imposing two life sentences in prison and a ten to twenty year sentences.

(B) The trial court violated the concept of proportionality in imposing two life sentences in prison and a ten to twenty year sentence.

Petitioner's convictions and sentences were affirmed in an unpublished opinion. *People v. William Howard Wilson, Jr., 2000 Mich. App. LEXIS 2056,* Mich. Ct. App. No. 212486 (Feb. 29, 2000). [*4] Petitioner filed an application for leave to appeal in the Michigan Supreme Court which was rejected as untimely on October 23, 2000. See Affidavit of Michigan Supreme Court Clerk Corbin Davis.

The present petition for a writ of habeas corpus was signed and dated on September 10, 2001. Therefore, applying the "prison mailbox rule" to the undisputed facts of this case, the Court finds that the petition was filed on September 10, 2001. See *Houston v. Lack, 487 U.S. 266, 273-74, 101 L. Ed. 2d 245, 108 S. Ct. 2379 (1988)* (holding that under the "prison mailbox rule," a pro se habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts). The petition raises the same claims presented in Petitioner's direct appeal, with the exception that Petitioner does not challenge his sentence in his habeas petition.

Respondent filed a motion to dismiss the petition on May 10, 2002, asserting that it should be dismissed for failure to comply with the one-year statute of limitations established by *28 U.S.C. § 2244*(d). Respondent also contends that Petitioner procedurally[*5] defaulted the claims set forth in the present petition by failing to timely appeal the decision of the Michigan Court of Appeals to the Michigan Supreme Court.

III. ANALYSIS

A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, became effective on April 24, 1996. [HN1] The AEDPA provides the governing statute of limitations in this case because Petitioner filed his petition after the AEDPA's effective date. See *Lindh v. Murphy, 521 U.S. 320, 336, 138 L. Ed. 2d 481, 117 S. Ct. 2059 (1997)*. The AEDPA amended *28 U.S.C. § 2244* to include a new one-year statute of limitations for habeas petitions brought by prisoners challenging state court judgments. See *Matthews v. Abramajtys, 39 F. Supp. 2d 871, 872 (E.D. Mich. 1999)*. In most cases, a prisoner is required to file a federal habeas petition within one year of completing direct review of his claims. See *28 U.S.C. § 2244*(d)(1)(A). [HN2] The revised statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus[*6] by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions[*7] became final after the AEDPA's April 24, 1996, effective date. [HN3] Prisoners whose convictions became final after the AEDPA's effective date only have the one year time period to file their federal habeas petitions, unless the limitations period is tolled. See *Austin v. Mitchell, 200 F.3d 391, 393 (6th Cir. 1999).*

Petitioner's convictions and sentences were affirmed by the Michigan Court of Appeals on February 29, 2000. Petitioner then had fifty-six days within which to seek leave to appeal to the Michigan Supreme Court. See MICH. CT. R. 7.302(C)(3). Petitioner, however, failed to do so. Therefore, his convictions became final for purposes of the habeas corpus limitations period on April 25, 2000. Under the statute of limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), Petitioner had until April 26, 2001, to timely file his federal habeas corpus petition.

The present petition was filed on September 10, 2001. Petitioner's habeas corpus petition was filed over four months after the expiration of the limitations period. Petitioner has neither alleged nor shown that he is entitled to statutory tolling of the limitations period. Therefore, [*8] unless Petitioner is entitled to equitable tolling of the limitations period, his petition is barred by the statute of limitations. See *Thomas v. Straub, 10 F. Supp. 2d 834, 835 (E.D. Mich.1998).*

[HN4] The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States, 250 F.3d 1001, 1008-09 (6th Cir. 2001),* the Sixth Circuit ruled that the five-part test set forth in *Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988),* is to be used to determine whether equitable tolling is appropriate. The five parts of this test are:

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap, 250 F.3d at 1008.*

In his pleadings, Petitioner has not alleged any circumstances which caused him to file his delayed motion[*9] for leave to appeal in the Michigan Supreme Court after the fifty-six day deadline expired, or the instant petition after the expiration of the statute of limitations. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain time does not warrant tolling. See *Brown v. United States, 20 Fed. Appx. 373, 2001 WL 1136000, \*3 (6th Cir. Sept. 21, 2001)* (unpublished case citing *United States v. Baker, 197 F.3d 211, 218-19 (6th Cir. 1999),* for proposition that ignorance of the law does not justify tolling); *Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)* [HN5] ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing."); *Holloway v. Jones, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001)* (lack of professional legal assistance does not justify tolling); *Sperling v. White, 30 F. Supp. 2d 1246, 1253-54 (C.D. Cal. 1998)* (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Further, Petitioner has not shown diligence in seeking[*10] habeas relief given that he filed his state court application for leave to appeal to the Michigan Supreme Court in an untimely fashion. The fact that Respondent may not be prejudiced by the late filing does not, by itself, warrant tolling. Therefore, Petitioner is not entitled to equitable tolling of the limitations period. See *Dunlap, 250 F.3d at 1010;* see also *Jones v. Gundy, 100 F. Supp. 2d 485, 488 (W.D. Mich. 2000).*

Petitioner appears to assert that he is actually innocent of his crimes. Even assuming that the actual innocence of a petitioner permits the filing of an untimely habeas petition, Petitioner has failed to make a such a showing. [HN6] To support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate

that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998).* A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy[*11] eyewitness account, or critical physical evidence -- that was not presented at trial." *Schlup v. Delo, 513 U.S. 298, 324, 130 L. Ed. 2d 808, 115 S. Ct. 851 (1995).* Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley, 523 U.S. at 623.* Petitioner has made no such showing in this case. His contention that his habeas claims have merit does not state a claim of actual innocence. Moreover, he has presented no new reliable evidence in support of such a claim.

Accordingly, for the above-stated reasons, this Court concludes that the present petition is barred by the habeas corpus statute of limitations.

B. Procedural Default

Petitioner's failure to timely seek leave to appeal in the Michigan Supreme Court bars habeas relief for an additional, alternative reason; Petitioner procedurally defaulted.

Petitioner's convictions were affirmed by the Michigan Court of Appeals on February 29, 2000. Petitioner did not seek leave to appeal to the Michigan Supreme Court until after the fifty-six days allowed by MICH. CT. R. 7.302(C)(3) had expired. Consequently, by the time Petitioner filed the present habeas [*12]petition, he had procedurally defaulted on his ability to seek leave to appeal in the Michigan Supreme Court. See MICH. CT. R. 7.302(C)(3); *Seeger v. Straub, 29 F. Supp. 2d 385, 391-92 (1998).*

[HN7] A state prisoner's habeas corpus claims are procedurally defaulted if the prisoner failed to comply with a state procedural rule, thus causing default of the prisoner's federal claims in state court. See *Coleman v. Thompson, 501 U.S. 722, 750, 115 L. Ed. 2d 640, 111 S. Ct. 2546 (1991).* Absent cause and prejudice, a federal court may not reach the merits of a claim that has been procedurally defaulted in state court by a state prisoner in his direct criminal appeal. See id. Procedural default can occur when an individual fails to present an issue to a state appellate court upon the only opportunity to do so. See *Teague v. Lane, 489 U.S. 288, 297-98, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989).* Procedural default does not occur, however, when the decision of the last state court to which a habeas petitioner presented his federal claims fairly appeared to rest primarily on federal law, or to be interwoven with federal law, and did not clearly[*13] and expressly rely on an independent and adequate state ground, a federal court may address the petition. See *Coleman, 501 U.S. at 735.*

The record demonstrates that Petitioner did not seek review of his convictions and sentences on direct appeal to the Michigan Supreme Court in a timely manner. Petitioner is now barred from seeking such review under MICH. CT. R. 7.302(C)(3), which imposes a 56-day time limit for filing delayed applications for leave to appeal with the Michigan Supreme Court. Thus, Petitioner has procedurally defaulted his claims.

The Court now examines whether Petitioner had cause for not seeking timely review, and actual prejudice to his federal right. [HN8] The cause and prejudice test should be applied to all occasions where a procedural default bars state litigation of a constitutional claim. See *Coleman, 501 U.S. at 750.* To establish cause, a petitioner must present a substantial reason to excuse the default. See *Amadeo v. Zant, 486 U.S. 214, 221-22, 100 L. Ed. 2d 249, 108 S. Ct. 1771 (1988).* Here, Petitioner makes no showing of cause for failing to timely seek leave to appeal to the Michigan Supreme Court. Therefore, unless Petitioner[*14] can show that failure to review his claims will result in a manifest injustice, his claims are barred from habeas review by his procedural default.

The only remaining question is whether this Court's failure to consider Petitioner's claims on the merits will result in a miscarriage of justice. [HN9] The exception for miscarriages of justice requires showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. See *Schlup, 513 U.S. at 326-27; Murray v. Carrier, 477 U.S. 478, 496, 91 L. Ed. 2d 397, 106 S. Ct. 2639 (1986).* "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley, 523 U.S. at 623.* "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup, 513 U.S. at 324.*

Petitioner has not supported his allegations of constitutional error with new reliable evidence that was not presented at trial. Therefore, [*15] his state procedural default of failing to timely seek leave to appeal in the Michigan Supreme Court bars habeas review of his claims.

IV. CONCLUSION

For the reasons state above, IT IS ORDERED that the petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

LAWRENCE P. ZATKOFF

CHIEF UNITED STATES DISTRICT JUDGE

Date: 16 DEC 2002