**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

John R. Walker,
    Petitioner

vs.                                     Case No. C-1-01-848
                                          (Weber, J.; Black, M.J.)

Jeffrey A. Wolfe, Warden,
    Respondent

**ORDER**

      Petitioner, formerly an inmate in state custody at the Noble Correctional Institution in Caldwell, Ohio, brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1999 conviction for felonious assault based on a guilty plea. (*See* Doc. 1). In late 2001, petitioner filed the instant petition alleging the following grounds for relief:

    1. The petitioner was denied the effective assistance of counsel in the trial proceedings in violation of his V, VI, VIII, XIV, Amend[ment] rights.

    2. The petitioner's guilty [plea] is not valid because it was not knowingly, intelligently, or voluntarily made in violation of his rights.

    3. O.R.C. § 2967.28, Post-Release Control is unconstitutional and

>   infringes on the Doctrine of Separation of Powers; U.S.C.A. V & XIV.
>
>   4. Because of ineffectiveness of trial counsel, the Petitioner was deprived of his Constitutionally guaranteed rights, as follows: The right to–a fair and speedy trial by jury; not suffer cruel and unusual punishment–police brutality and medical neglect; suppress illegal evidence; discovery of exculpatory evidence; an impartial judge, unaffected by personal bias; be secure from attorney conflicts; a timely appeal of right; be secure from illegal arrest and search and seizure; invoke his privilege against self-incrimination, un-Mirandized, uncounseled interrogation.

(Doc. 1 at 5-6).  On March 6, 2003, this Court administratively stayed these proceedings to provide petitioner the opportunity to exhaust his state court remedies with respect to his third claim for relief.  (Doc. 24).  On October 23, 2003, petitioner moved to reopen the case and on March 19, 2004, this Court granted his motion.  (Docs. 26, 29).

On May 19, 2004, respondent moved to dismiss this case as barred by the one year statute of limitations set forth in 28 U.S.C. § 2244(d).  (Doc. 33). Petitioner opposed the motion.  (Doc. 37).  With respect to the third claim for relief challenging the constitutionality of post-release control, the parties disagree as to when the statute of limitations began to run, i.e., the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence as specified in 28 U.S.C. § 2244(d) (1)(D).  Petitioner contends that he did not discover the factual predicate of this claim until he was notified on October 4, 2001 by the Ohio Adult Parole Authority that he would be placed in post-release control. (Doc. 36).   Respondent argues that petitioner discovered the claim at the time of his guilty plea because the form he signed indicated that he may be subject to post-release control.  (Doc. 33 at 5).

Review of the transcript of the plea taking and sentencing hearing would be helpful to this Court in adjudicating this dispute.  Because the transcript is not contained in the record submitted to the Court by respondent, respondent is hereby ORDERED to provide this Court with the  transcript described above within twenty (20) days of the date of filing of this Order.

IT IS SO ORDERED.

Date: July 29, 2004                                    S/Timothy S. Black
                                                       Timothy S. Black
                                                       United States Magistrate Judge

J:\ROSENBEH\2254(2004)\01-848trans.wpd