**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

John R. Walker,
    Petitioner

vs.                                                 Case No. C-1-01-848
                                                    (Weber, J.; Black, M.J.)

Jeffrey A. Wolfe, Warden,
    Respondent

**ORDER**

      Petitioner, formerly an inmate in state custody at the Noble Correctional Institution in Caldwell, Ohio, brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1999 conviction for felonious assault based on a guilty plea. (*See* Doc. 1)

      On May 19, 2004, respondent moved to dismiss this case as barred by the one year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 33). Petitioner opposed the motion, arguing that he is entitled to equitable tolling for several reasons. (Doc. 37). One of the reasons he specifies is that the institution where he was housed did not have a copy of "28 USCA §2244 et seq. or 28 USCA § 2254 et seq.–any later than 1994–or any other definitive material relating to the one year statute of limitations and how it operated." (Doc. 37 at 5). Respondent replied generally that ignorance of the law

is not a basis for equitable tolling and cited pertinent authorities. (Doc. 38 at 5). This Court has uncovered some additional legal authorities which are more directly on point.

In *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000), the petitioner, in a declaration attached to his opposition to a motion to dismiss, stated that the law library of the prison did not have legal materials describing the AEDPA until some two years after the statute's enactment. 233 F.3d at 1147. The United States Court of Appeals for the Ninth Circuit found that there may be circumstances where the unavailability of the AEDPA in a prison law library would support equitably tolling the statute of limitations and remanded the case for additional fact finding. *Id.* at 1148.

In *Egerton v. Cockrell,* 334 F.3d 433 (5th Cir. 2003), the Fifth Circuit held that 28 U.S.C. § 2244(d)(1)(B), which delays the starting date for the statute of limitations, applies when the AEDPA is absent from a prison law library and the prisoner remains actually ignorant of the existence of the statute. 334 F.3d at 437. Section 2244(d)(1)(B) calls for the running of the limitations period from the date on which an impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, when the applicant was prevented from filing by such state action. The *Egerton* Court concluded that "[t]he State's failure to make available to a prisoner the AEDPA, which sets forth the basic procedural rules the prisoner must follow in order to avoid having his habeas petition summarily thrown out of court, including the newly imposed statute of limitations, is just as much of an impediment as if the State were to take "affirmative steps" to prevent the petitioner from filing the application." 334 F.3d at 437. The Court went on to explain that the absence of federal materials from the law library without alternative means of apprising prisoners of their rights violates the constitutional guarantee of access to the courts, thereby constituting state action in violation of the Constitution under § 2244(d)(1)(B). *Id.* at 438.

On the other hand, the United States Court of Appeals for the Tenth Circuit, in a 2002 decision, found that a prisoner's declaration that information on the AEDPA is unavailable in the prison law library, without more, is insufficient to justify equitable tolling and dismissed petitioner's appeal. *Alexander v. Watkins,* 49 Fed.Appx. 770, 772, 2002 WL 31265956, at **1(10th Cir. Oct. 9, 2002) (citing *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998)), *cert. denied,* 537 U.S. 1199 (2003).

      To help this Court reach an appropriate disposition on respondent's motion to dismiss, respondent is hereby ORDERED within twenty (20) days of the date of filing of this Order to provide this Court with:

      1. further legal briefing in response to petitioner's claim that he is entitled to equitable tolling based on the alleged absence of the AEDPA from the prison law library;

      2. evidence of whether or not petitioner was aware of the existence of the AEDPA statute of limitations prior to the expiration of the limitations period and evidence of when he became aware of the AEDPA statute of limitations; and

      3. evidence of whether or not the prison law library contained a copy of the AEDPA and court decisions related to the AEDPA during the one year limitations period following petitioner's conviction.

IT IS SO ORDERED.


Date:  August 5, 2004                                                  S/Timothy S. Black
                                                                                   Timothy S. Black
                                                                                   United States Magistrate Judge

J:\ROSENBEH\2254(2004)\01-848eqtollibr.wpd