## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOHN R. WALKER,

                **Petitioner,**          **Case No. 01-CV-848**

     **v.**                  **Judge Weber**

JEFFREY WOLFE,         **Magistrate Judge Black**

                **Respondent.**

### RESPONDENT'S RESPONSE TO COURT ORDER OF AUGUST 5, 2004

On August 5, 2004, the Magistrate Judge issued an order directing Respondent to respond to Petitioner's allegations that he is entitled to equitable tolling because the prison law library where he was incarcerated did not have any material any later than 1994 relating to the statute of limitations and how it operated. The Court ordered Respondent to address three specific matters; however, Respondent believes that the third matter is dispositive of this issue and will address that matter first.

### I.    Legal Materials in the Prison Law Library

The Court ordered Respondent to provide evidence of whether or not the prison law library contained a copy of the AEDPA and court decisions related to it during the one-year limitations period following Petitioner's conviction.

Petitioner ("Walker") was sentenced to a term of incarceration of three years on December 1, 1999. Since Walker did not file an appeal, the statute of limitations began running on January 1, 2000, and the applicable one-year limitation period is from January 1, 2000, to January 1, 2001.

Walker served his sentence at the Noble Correctional Institution. (See R. 37, Petitioner's Answer to Respondent's Motion to Dismiss, p. 5, in which he complains that the Noble Corrections Institutional law library did not have copies of 28 U.S.C. §2244 and §2254 any later than 1994.) During the relevant one-year period of time (basically all of 2000), the Noble Correctional Institution's law library had all the materials necessary for any inmate (including Walker) to file a timely habeas petition, including current copies of 28 U.S.C. §2244 and §2254 as well as copies of the Federal Reporter and Federal Supplement with applicable case law.

Rule 5120-9-20(B)(1) of the Ohio Administrative Code states that it is the policy of the Department of Rehabilitation and Correction (hereinafter "DRC") to permit inmates reasonable access to legal materials and a reasonable opportunity to prepare legal documents. The rule goes on to discuss library hours, inmate access to typewriters, etc. (A copy of the rule is attached as Exhibit 1.) In order to effectuate that Rule, DRC has developed a policy which sets forth exactly what legal materials each institution's library is to have available for inmates, Policy No. 204-01.[1] The copies of Policy No. 204-01 which were applicable during the year 2000 are attached hereto as Exhibits 2, 3 and 4. Those Exhibits are copies of the policy which became effective in September of 1999, the amended policy which became effective on April 24, 2000, and the amended policy which became effective on November 28, 2000, respectively. The policy consistently stated that each institution was to have a

---

[1] As Ms. Hupp's affidavit indicates, the policy was renumbered 59-LEG-01 in 2004.

copy of the U.S. Codes, including Title 28, §§2241-2255 with current supplements, as well as copies of the Federal Reporter and Federal Supplement from 1972 to the present.

Exhibit 5 attached is an affidavit from Julie Hupp, who has been a librarian assistant at Noble since 1999. She refers to the 2000 inventory of the prison law library which is Exhibit 6. The inventory indicates that that the library had copies of the U.S. Code, and Ms. Rupp's affidavit expressly avers that copies of 28 U.S.C. §§2241 through 2255 with supplements were available in the law library in 2000. In addition to copies of the relevant statutes, the inventory indicates that the library also had copies of the Federal Supplement, Federal Supplement 2d Series and Federal Reporter 3d Series. Copies of Federal Reporter 2d series were available on microfilm. All volumes of the Federal Supplement and the Federal Reporter contain a Key Number Digest in the back of the book which includes a section for Habeas Corpus with a subsection entitled "Laches or delay" which summarizes decisions relating to the statute of limitations.

Walker has alleged that the law library at the Noble Correctional Institution did not have a copy of 28 U.S.C. §2244 or §2254 any later than 1994, or any other material relating to the one year statute of limitations and how it operated. (R. 37, Walker's Answer in Response to Respondent's Motion to Dismiss, p. 5) However, Respondent would point out that Walker filed his habeas petition in 2001 while he was still incarcerated at Noble. In the Memorandum attached to the petition, he addressed the statute of limitations

and argued that he was entitled to equitable tolling. In his argument, he cited both 28 U.S.C. §2244 and §2254 and referred to the AEDPA and its effective date of April 24, 1996. (See Memorandum in Support of Petitioner, John R. Walker's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254, first page.) In addition, Walker cited several cases including Dunlap v. United States, 250 F.3d 1001 (6th Cir. 2001); Turner v. Smith, 70 F. Supp.2d 785 (E.D. Mich. 1999); New Castle County v. Halliburton NUS Corp., 111 F.3d 1116 (3rd Cir. 1997); and Calderon v. U.S. Dist. Ct. for the Central Dist. of Cal., 112 F.3d 386 (9th Cir. 1997), in his equitable tolling argument.[2] (See Memorandum, Table of Authorities, and pp. 1, 6) Contrary to Walker's allegation, it is obvious that the prison law library did have copies of 28 U.S.C. §2244 and §2254 as well as other legal materials relating to the AEDPA later than 1994; it is equally obvious that Walker used those materials.

Lest the Court wonder whether the law library might have obtained the AEDPA-related legal materials after the statute of limitations expired (on January 1, 2001) but before Walker prepared his habeas petition later in 2001, subsequent information provided by Walker belies that notion. After Respondent filed his first motion to dismiss (R. 8, filed on April 3, 2002), Walker filed a Reply in Opposition (R. 10, filed on April 29, 2002) while he was still incarcerated at Noble. Exhibit 3 attached to his Reply in Opposition is a statement signed by him in which he alleges that the Noble Corrections law

---

[2] Even though Walker argued that he was entitled to equitable tolling in his Memorandum, he did not make any argument alleging that the prison law library failed to provide legal materials.

library still does not have post-AEDPA statutes or any materials related to habeas corpus newer than 1994-1995. Yet, Walker managed to file his habeas petition in 2001 with citations to the appropriate statutes, references to the AEDPA's statute of limitations and effective date as well as case law interpreting the statute of limitations despite the alleged lack of such materials in the prison law library.

**II.    Whether Petitioner is Entitled to Equitable Tolling Based on the Alleged Absence of the AEDPA from the Prison Law Library**

Since the AEDPA was not absent from the law library and since the library made it and other legal materials related to it available to Walker and to other inmates, it should not be necessary for Respondent to address the first matter, i.e., to provide further briefing on the issue of whether Petitioner is entitled to equitable tolling based on the alleged absence of the AEDPA from the prison law library.

**III.   Evidence of When Petitioner Became Aware of the Statute of Limitations**

Regarding the Court's second question directing Respondent to provide evidence of when Petitioner became aware of the statute of limitations, Respondent is unable to provide such evidence. The only way to know that would be to look into Petitioner's mind. Petitioner has alleged that he was ignorant of the AEDPA statute of limitations. Ignorance of the law does not excuse compliance with the law because a claim of ignorance of the law is so easy to assert and hard to disprove. Kratz v. Kratz, 477 F. Supp. 463 (E.D. Penn. 1979) citing United States v. Barker, 546 F.2d 940, 964-65 (D.C. Cir.

1976) (Leventhal, J., dissenting).  Accepting ignorance of the law as an excuse would encourage and reward indifference to the law.  United States v. Baker, 197 F.3d 211 (6th Cir. 1999).

Since it is not possible to look into Walker's mind to determine when he learned of the AEDPA statute of limitations, the relevant questions under Dunlap[3] are 1) whether Walker had constructive knowledge of the filing requirement, 2) if he was ignorant of the filing requirement, his reasonableness in remaining ignorant of the filing requirement and 3) his lack of diligence.

Walker was incarcerated in an institution with a law library which contained legal materials relating to the AEDPA and its statute of limitations.  Therefore, constructive knowledge can be imputed to him.  At any rate, since materials were available to him regarding the AEDPA and the statute of limitations, he was not reasonable in remaining ignorant of the filing deadline.  See McClendon v. Sherman, 329 F.3d 490 (6th Cir. 2003), in which the Court held that the incarcerated petitioner was unreasonable in remaining ignorant of the filing deadline and that he should have known of it from the decisions the Sixth Circuit itself made.  Those decisions were in the prison law library and were available to Walker.

---

[3] The Dunlap court identified five factors to be considered in order to determine whether equitable tolling is appropriate: 1) the petitioner's lack of notice of the filing requirement; 2) the petitioner's lack of constructive knowledge of the filing requirement; 3) diligence is pursuing one's rights; 4) absence of prejudice to the respondent; and 5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his or her claim.  Dunlap v. United States, 250 F.3d 1001, 1008 (6th Cir. 2001).

Walker was not diligent in pursuing his rights. Despite the fact that relevant legal materials were available to him, he did nothing to challenge his conviction, either in state or federal court, until 2001 (after the statute of limitations had already expired).

## **CONCLUSION**

Walker is not entitled to equitable tolling, and his habeas petition should be dismissed.

Respectfully submitted,

Jim Petro
Ohio Attorney General


S/Diane Mallory
Diane Mallory (0014867)
Assistant Attorney General
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed by regular, first-class mail to John R. Walker, 1416 Armfield Road, Richmond, Virginia 23225-7542, on the 25th day of August, 2004.


S/Diane Mallory