STATE OF OHIO



DEPARTMENT OF REHABILITATION AND CORRECTION

| SUBJECT: Inmate Access to Court and Counsel | PAGE 1 OF 6 |
|---|---|
| | SECTION: 204 NUMBER: 01 |
| RULE/CODE REFERENCE: | SUPERCEDES: 204-01 dated 04/24/00 |
| RELATED ACA STANDARDS: 3-4256;3-4260;3-4262;3-4263;3-4264; 3-4431; 3-4434&3-4453 | EFFECTIVE DATE: November 28, 2000 |
| RELATED AUDIT STANDARDS: | APPROVED: |

I. **AUTHORITY:**

This policy is issued pursuant to Section 5120.01 of the Ohio Revised Code which authorizes the Director of the Department of Rehabilitation and Correction to manage all institutions and divisions of the department and to establish such rules and regulations as he deems necessary.

II. **PURPOSE:**

The purpose of this policy is to establish guidelines that ensure that inmates have adequate access to courts, attorneys, and legal research materials.

III. **APPLICABILITY:**

This policy applies to all Department of Rehabilitation and Correction inmates and employees.

IV. **DEFINITIONS:**

None

V. **POLICY:**

Inmates shall have access to legal counsel by means of visitation which will permit confidential communication, uncensored written correspondence, and telephone communication. Inmates shall have access to courts so that they may challenge their convictions, sentences, or the conditions of their confinement. Pursuing such legal matters shall not subject the inmate to reprisals or punishment of any sort.

## VI. PROCEDURES:

### A. LAW LIBRARY

1. Each institution law library shall, at a minimum, maintain current or the most recent editions of the materials specified in the minimum required legal materials list. (See Appendix No. 1) In addition, each institution law library shall maintain current copies of the ODRC policies that have been designated by Bureau of Accreditation and Standards' Department Policies Accessible to Inmates. Additional copies of the required legal materials may be placed at other locations in the institution to make them more accessible to various segments of the inmate population.

2. Each law library shall establish a schedule of reasonable hours that provide inmates with adequate access to legal materials. At least some of these hours shall not conflict with normal work assignments, visitation, counseling or other programs and should include some weekend or evening hours.

### B. INMATE CLERKS

1. Inmate clerks may be employed in the law library to assist inmates in the use of the legal materials, to maintain the library collection, for typing and other clerical duties. Such clerks shall operate under the direct supervision of the librarian or other staff member designated by the warden.

2. The staff member designated by the warden shall determine the duties of the clerk positions in the law library. This staff member shall assign tasks to the inmate clerks. The clerks shall not be permitted to take it upon themselves to determine which inmates they will assist or what tasks they will perform. Inmate clerks shall not be permitted to supervise other inmates or assign tasks to other inmates.

3. Inmates requesting assistance with typing, reading, writing, or researching legal materials or documents shall request such assistance from a staff member designated by the warden who may assign the specific task to one of the inmate clerks.

### C. ILLITERATE INMATES

1. Illiterate inmates, or inmates who have physical or mental impairments which prevent them from reading or writing, may request assistance in preparing their initial pleadings to be filed with a court. Such assistance may include assistance with reading or writing their initial pleadings. A

staff member designated by the warden shall receive these requests and shall ensure that a staff member or an inmate clerk provides the necessary assistance.

2. For purposes of this policy, inmates who function below a sixth grade level of reading or writing proficiency shall be deemed illiterate. The staff member designated by the warden may contact the institutional school administrator or refer to the inmate's educational records to determine the inmate's literacy.

3. Inmates requiring the assistance of a translator may receive such assistance from a staff member, inmate, volunteer or, if necessary, a person retained under contract for such purpose.

4. Inmates shall be instructed, both orally and in writing, on how they may obtain assistance in preparing or filing initial pleadings with the court. This information shall also be conveyed in a manner that is reasonably calculated to reach the inmates who might need such assistance.

D. LEGAL SERVICE TO INDIGENT INMATES

1. Upon request, an indigent inmate shall receive a free legal kit containing, at a minimum, the items listed in Appendix No. 2. An inmate may make such request once every thirty days.

2. An indigent inmate is also entitled to free first class mail to courts of law only. This free mail is in addition to the one free stamped envelope per week provided to all inmates.

3. For purposes of this policy, an inmate is considered indigent:

    a. if, during the 30 days immediately preceding the request, he/she has earned or received less than $9.00; AND,

    b. if the inmate's account balance has not exceeded $9.00 at any time during the thirty (30) days immediately preceding the request.

E. LEGAL MATERIALS

1. Inmates are permitted to possess a reasonable amount of general and personal legal materials.

    a. General legal materials include items such as law books, form books, photocopied research materials, blank legal forms, stationery items, etc.

    b. Personal legal materials are those documents that pertain to active litigation to which the inmate is a party. Examples of such

materials include pleadings, motions, memoranda, orders, judgments, transcripts, etc.

2. General and personal legal materials shall be maintained within the inmate's overall 2.4 cubic feet property limitation as provided in Administrative Rule 5120-9-33 and applicable institutional policies. General legal materials are subject to the general possession limits applicable to books, law books, stationery, or writing materials, etc. as provided in Administrative Rule 5120-9-33, DRC Policy 205-01, or applicable institutional rules and policies.

3. Inmates are required to keep personal legal materials organized by title and case number. Each document associated with a particular case shall be identified with at least the correct case number.

4. Inmates may be required to produce a list of their active cases any time such materials are packed up and placed in storage for any reason. This list shall identify each active case by title of the case, case number, and the court in which the action is pending.

5. If an inmate has personal legal material which exceeds his/her capacity to store in the space allotted, the inmate may request that he/she be permitted to store the excess personal legal material in a secure location designated by the warden for such purpose.

   a. A staff person designated by the warden shall review this request. A request for additional storage shall not be granted unless the volume of the inmate's personal legal material is greater than one half of the inmate's footlocker.

   b. Only personal legal material as defined in this policy may be stored in this manner. The inmate shall provide a list of the active litigation upon request.

   c. Inmates requesting additional space must first make reasonable efforts to reduce the amount of legal material in their possession. (E.g., reducing general material, such as stationery supplies, blank forms, photocopied materials, etc; reducing personal legal material, such as duplicate documents, drafts, outdated or unnecessary correspondence, inactive case files, etc.) All excess material, including inactive case files, must be either mailed out of the institution at the inmate's expense or otherwise disposed of by the inmate.

6. Additional space granted to an inmate is subject to review every 60 days. Inmates may exchange stored materials with those in their immediate possession once every thirty days.

## F. INMATE LEGAL ASSISTANCE

1. Inmates are permitted to assist one another in the preparation and filing of legal documents or other legal matters. General population inmates should generally be permitted to assist each other in common areas such as the library, dayroom, etc.

2. Although inmates may receive assistance from other inmates, this privilege is not without limitation:

   a. Inmates do not have a right either to receive assistance from a specific inmate; or, to provide assistance to a specific inmate.

   b. Wardens, or their designees, can impose reasonable time, manner, and place restrictions on the access inmates have with each other even though such restrictions may have an impact on their ability to assist one another. Such restrictions must be based on a legitimate interest in maintaining the good order and discipline of the institution, institutional security, and the personal safety of inmates and staff. In considering time, manner, and place restrictions, institutions should consider factors such as the housing assignments, control status (AC, LC, DC, SC, PC), custody level, and separations, etc.

   c. Wardens or their designees may in their discretion, approve special or individualized arrangements for inmates to assist one another where a need has been demonstrated and it is otherwise appropriate.

   d. The fact that one inmate is assisting another, does not entitle such inmate to maintain possession of the legal materials of another inmate. Inmates may maintain possession of their own legal materials as provided above in Paragraph E.

3. No inmate law clerk, library assistant, or any other inmate shall, in any manner, trade, exchange or deal his/her assistance with legal matters to another inmate. The institution shall prominently display a notice in the law library, and in either the inmate handbook, or orientation materials, which states: "It is a violation of institutional rules for inmates to require payment of any kind for providing legal assistance. No inmate should be required to pay or deal for legal services. If you or someone you know has been asked to pay or deal for legal assistance, please notify your unit manager or the law librarian."

4. No inmate shall hold himself/herself out in any manner as a paralegal or an attorney at law or as authorized to practice law in any capacity.

a. No inmate shall use the words "lawyer", "attorney at law," "counselor at law," "law," "law office," "esquire," or other equivalent words in connection with his/her own name, either in writing or orally, in an effort to induce others to believe that he/she is an attorney.

b. Any inmate who violates 4(a) of this procedure may be issued a conduct report charging a Class II Rule 19 false representation as an attorney under section 4705.07 of the Ohio Revised Code.

G. Communication With Attorneys

1. Legal mail, including inmate mail to and from attorneys, shall be handled pursuant to Administrative Rules 5120-9-17 and 5120-9-18. Letters to or from staff members of the ODRC do not qualify as legal mail under this provision.

2. Attorneys shall be permitted to visit inmates under the procedures set forth in Administrative Rule 5120-9-20. Attorney visits will take place in a room designated for that purpose where they can talk in private but be subject to visual observation.

3. An attorney may request to confer with his or her client by telephone when there is not enough time for the attorney to either correspond with or personally visit the inmate due to the circumstances of the inmate's litigation. Such requests should be directed to the warden or the warden's designee. Such conversations between the inmate and the attorney shall be considered confidential the same as in-person visits.

4. Inmates may contact attorneys by telephones placed in the institution for general inmate use; however, because calls from such phones may be monitored and/or recorded, these phones should not be used to discuss confidential attorney/client matters.

**ATTACHED FORMS:**

**DRC4266**

## APPENDIX NO. 1

I.  Case Reporters

   A. Federal

   1. U.S. Supreme Court Reporter: From Volume 92 (1972) through to present date with subscription to advance sheets.

   2. Federal Reporter 2nd: From volume 451 (1972) to present, with subscription to advance sheets

   3. Federal Supplement: From volume 351 (1972) to present, with subscription to advance sheets.

   B. State

   1. Northeastern Reporter 2nd Ohio Cases: From Volume 272 (1972) to present, with subscription to advance sheets.

   C. Citators

   1. Shepard's United States Citations (consistent with U.S. Reporters maintained)

   2. Shepard's Federal Citations (consistent with federal reporters and federal supplements maintained)

   3. Shepard's Ohio Citations (consistent with the Northeastern reporters maintained)

II. Statutory, Procedural, Constitutional Materials

   A. Federal Statutes

   1. U.S. Code Annotated: With current supplements, Minimum volumes/titles required:

   a. U.S. Constitution

   b. Title 18

   c. Title 28 (sections 2241-2255)

   d. Title 42 (sections 1981-1985)

   e. Rules of the U.S. Supreme Court

   B. State statutes

   1. Ohio Revised Code: Minimum Titles/volumes:

    General Provisions
    Constitution of the United States
    Constitution of the State of Ohio
    Civil Rules
    Rules of Criminal Procedure
    Rules of Evidence
    Court Rules- Rules of Ohio Supreme Court, Appellate Rules,
    Title 1- State Government
    Title 19-Courts, Municipal Mayors, County
    Title 21-Courts Probate, Juvenile
    Title 23-Courts Common Pleas
    Title 25-Courts Appellate
    Title 27-Courts, General Provisions, Special Remedies
    Title 29-Crimes/ Procedure
    Title 37-Health /Safety/ Morals
    Title 45-Motor Vehicles
    Title 51-Public Welfare
    General Index

  2. Ohio Criminal Law Handbook (Anderson Pub.) Paperback contains compilation of criminal and related statutes, procedural rules, and other materials

B. Rules of Court

  1. Ohio Rules of Court-Federal (West Group, Pub.) Paperback contains federal rules of civil procedure, evidence, appellate procedure, and local court rules for the 6th Circuit, and Northern and Southern districts.

  2. Ohio Rules of Court-State (West Group, Pub.) Paperback contains rules for Ohio civil, criminal, juvenile, and appellate procedure; contains various local court rules including the Ohio Supreme Court.

C. Administrative Code

  1. ODRC Administrative Rules:

| Series | Title |
| --- | --- |
| 5120:1-1 | Release |
| 5120-2 | Sentence Reduction |
| 5120-3 | Employment of Prisoners |
| 5120-9 | Institutions |
| 5120-11 | Intensive Program Prisons |
| 5120-12 | Transitional Control |

  2. Designated Policies of the Department of Rehabilitation and Correction

III. Materials by subject Matter:

 A. Legal Research:

  1. Legal Research In A Nutshell, West Publishing Co.

 B. General reference:

  1. Black's Law Dictionary, West Publishing Co.

 C. Criminal Law, Practice, and Procedure

  1. General materials:

   a. Complete Manual of Criminal Forms, Bailey and Rothblatt, Lawyers Cooperative Pub.

   b. Criminal Procedure in a Nutshell, West Pub.

   c. Post Conviction Remedies, Larry Yackle, Clark Boardman Calighan

  2. Ohio Law :

   a. Ohio Criminal Law, Katz/Gianelli

   b. Ohio Jury Instructions, Vol. 4, Criminal instructions

  3. Federal Habeas Corpus:

   a. Federal Habeas Corpus, Practice and Procedure, Liebman

  4. Ohio Appellate Practice:

   a. Appellate Practice and Procedure in Ohio, Wolf, Anderson

 D. Conditions of Confinement

  1. Prisoners Self Help Litigation Manual

  2. Prisoner Rights In A Nutshell, West Pub., Branham

# APPENDIX NO. 2

## MINIMUM REQUIRED MATERIALS FOR LEGAL KITS

- Two large manila envelopes, 10" x 15";
- One black ink pen;
- Five sheets of carbon, 8-1/2" x 11";
- Forty sheets of white bond or copy paper, 8-1/2" x 11"; and
- One 8-1/2" x 11" white writing-paper tablet.