UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN R. WALKER,

    Petitioner,

v.

JEFFREY A. WOLFE, Warden
    Respondent.

Case No.: 01-CV-848

Senior District Judge Weber

Magistrate Judge Black

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PETITIONER JOHN R. WALKER'S ANSWER TO RESPONDENT'S RESPONSE
TO COURT ORDER OF JULY 29 AND AUGUST 5, 2004**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner Walker, hereinafter Walker, proffers the following allegations, statements, arguments, and declarations in opposition to the Respondent's claim that Walker is not entitled to relief to which he may be entitled in this proceeding through the doctrine of equitable tolling.

**1.)** Walker attests that the Rule 11 colloquy-plea hearing transcript, which was ordered by this Court on **July 29, 2004**, may be corrupt because on **June 8, 2004**, it was faxed from the Hamilton County Court Reporters to phone number 91-(614) 728-9327, the offices of the Attorney General, who then served it on Walker on **August 18th**, and it is missing some derogatory statements made by the Court. Therefore, Walker requests that the original stenotype be made available to this Court to be retyped and transcribed so a true and accurate copy be rendered and reviewed. **NOTE: There is no notification of Walker's right to appeal.** The most disturbing deletion is the act of Judge Crush **"warehousing"** Walker in the Ohio Dept. of Corrections where he received **"deliberate indifference" to his severe and disabling psychological and physical impairments for three years while suffering from mental anguish and debilitating pain.**

**2.)** Walker has been deemed to have been suffering from serious psychiatric conditions as described in Social Security Title II and XVI statutes by Administrative Law Judge, Timothy C. Pace on August 27, 2004. **Exhibit 1, p. 2, par. 3.** "Psychiatrist Dr. Estelle H. Cline now treats him for a dysthymic disorder and an intermittent explosive disorder characterized by pathologically inappropriate hostility, with underlying depressive symptoms of sleep and appetite disturbances, emotional liability, social withdrawal and difficulty thinking or concentrating." His inability to function is further described in **Ex. 1, p. 3, par. 3**, "[h]is symptoms and medications cause marked difficulties maintaining concentration, persistence or pace ... ."

**3.)** Walker's mental incompetence not only affected his ability to file timely appeals and petitions, but it was the main contributing factor that caused him to sign the plea agreement under the coercion and duress of the bench and his attorney thereby forfeiting all of his rights. **Exhibit 2, p. 1, par. 2 & 3; Exhibit 3, p. 4, par. 5 & 6.** Under the same circumstances even a person of the firmest disposition might be **chilled** by the fact that his attorney would desert him and surrender his cause before the first shot is fired. Additionally, if the Supreme Court of Ohio had granted Walker's Mandamus, Case no. 01-1636, this case would have been dismissed in the state courts for illegally obtained evidence and the numerous other problems created by law enforcement techniques .

**4.)** Despite Policy 204-01, when Noble Corrections was opened in 1996, as many as half of the volumes were donated from other institutions' law libraries **without the subscription policy in force;** therefore, during the year 2000, the United States Code

Annotated Titles 18, 28, and 42 had outdated volumes and no supplements attached. There was an even more outdated Federal Practice Digest with key number digest totally devoid of all of the habeas corpus petition volumes.

**5.)** Despite Policy 204-01(VI)(B)(1) & (2), inmate law clerks ran the law library however they wished and ; ***therefore, they were unviable for unpaid legal assistance.*** Walker tried to get assistance from other inmates as ignorant as he was of the statutes and procedures, and began by filing speedy trial motions on other unresolved cases, delayed state appeals and finally his habeas petition because he thought exhaustion of state remedies was cast in stone and should be done before petitioning for habeas corpus. Even after he had first read and discussed the AEDPA statute with Inmate James Nelson around July 2001, exhaustion still seemed to be the first step proscribed by the case law rulings. (Nelson, who had a copy to the "AEDPA" some 100 pages of computer printout of the Congressional Bill, moved into Walker's barrack's and gave considerable assistance from July 2001 until August 2002). Additionally, it is quite certain that inmates were removing materials from the law library, but this occurrence would not be noticed on the inventory status. A strict sign in and sign out of materials was not begun until summer of 2001.

**6.)** Through no fault of her own and because of her sole responsibility as library assistant and librarian, Ms. Hupp had little budgetary or administrative control for the reading and legal material needs for 2500 inmates; therefore, the law library was indeed missing straightforward information on petitioning for habeas corpus relief following the 1996 amendments to 28 USC 2244 and 28 USC 2254 by the AEDPA. So the

3

inmates must adhere strictly to Policy 204-01 but the institution did not do so.

7.) Wherefore, petitioner prays that this august Court should not hesitate to toll the one-year statute of limitations and issue the writ of habeas corpus in this proceeding.

Respectfully submitted,

By: *John R. Walker*

John R. Walker-*pro se*
Apartment H
1416 Arm field Road
Richmond, Virginia
23225-7542

I declare under the penalty of perjury that the foregoing is true and correct. Executed on September 13, 2004.

By: *John R. Walker*

John R. Walker-*pro se*
Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that one true copy of the foregoing was mailed by 1st class regular mail to Jim Petro, Atty. General of Ohio, in care of Diane Mallory, Asst. Atty. General, Corrections Litigation Section, 150 East Gay Street, 16th Floor, Columbus, Ohio, 43215, on September 13, 2004.

By: *John R. Walker*

John R. Walker

4